**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan,<br><br>                      Plaintiffs,<br><br>      *-against-*<br><br>Dilworth Paxson, LLP, BFG Socially Responsible Investments, Ltd., Burnham Financial Group, Inc., Burnham Securities, Inc., COR Fund Advisors, LLC, GMT Duncan, LLC, Greenberg Traurig, LLP, Thorsdale Fiduciary and Guaranty Company Ltd., U.S. Bank National Association, Valor Group Ltd., Wakpamni Lake Community Corp., Wealth-Assurance AG, Wealth Assurance Private Client Corporation, Timothy B. Anderson, Jon Michael Burnham, Devon D. Archer, Bevan T. Cooney, Hugh Dunkerley, Jason W. Galanis, John P. Galanis, Gary T. Hirst, Frankie D. Hughes, and Michelle A. Morton<br><br>                    Defendants. | Index No. 16-cv-03604-HMH<br><br>**Hon. Henry M. Herlong, Jr.**<br><br><br><br>**Answer of Defendant Devon D. Archer** |

Devon D. Archer ("Mr. Archer"), by his attorneys Griffith, Sharp & Liipfert, LLC and Boies, Schiller & Flexner LLP, for his answer to the Complaint of Plaintiffs the Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan (together, "Michelin"), states as follows:

Mr. Archer looks forward to defending himself in this action. The purported evidence cited by Michelin it its Complaint is, with respect to Mr. Archer, often incompletely and misleadingly quoted and incorrectly described. However, on the advice of his undersigned

counsel, with respect to certain of Michelin's allegations, Mr. Archer asserts his constitutional right not to respond. Because Michelin's Complaint is comprised of mere allegations, and not evidence, no adverse inference may be drawn from Mr. Archer's invocation of his rights, at the instruction of counsel. *See generally LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390-91 (7th Cir. 1995); *OS Recovery, Inc. v. One Group Int'l, Inc.*, No. 02 Civ. 8993 (LAK), 2005 WL 850830, at *1 (S.D.N.Y. Apr. 12, 2005).

## PRELIMINARY STATEMENT

The Preliminary Statement contains a summary of the action to which no response is required. To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

## PARTIES

1.    Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.    Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 3, except admits, upon information and belief, that Atlantic Asset Management was the subject of a civil action filed by the SEC and is now in receivership.

4.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 4.

5.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 5.

6.      On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 6.

7.      On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 7.

8.      On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 8.

9.      On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 9.

10.      On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 10.

11.      On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 11.

12.      On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 12.

13.      On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 13.

14.      On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 14.

15.      On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 15.

16.      Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.     On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 18.

19.     Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 20, except denies that Defendant Jason Galanis resides in Los Angeles, California.  Upon information and belief, Jason Galanis resides in the Metropolitan Correctional Center in New York, New York.

21.     Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.     On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 22, except admits that he resides in Brooklyn, New York.

23.     Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.     Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.     Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.    Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

## JURISDICTION AND VENUE

28.    Mr. Archer incorporates all of the answers set forth above.

29.    Paragraph 29 consists of conclusions of law concerning this Court's purported subject matter jurisdiction over this case, to which no response is required.

30.    Paragraph 30 consists of conclusions of law concerning this Court's purported personal jurisdiction over the Defendants in this case, to which no response is required.

31.    Paragraph 31 consists of conclusions of law concerning venue for this case, to which no response is required.

32.    Paragraph 32 consists of conclusions of law concerning venue for this case, to which no response is required.

33.    Paragraph 33 consists of conclusions of law concerning venue for this case, to which no response is required.

## FACTUAL ALLEGATIONS[1]

34.    Mr. Archer incorporates all of the answers set forth above.

35.    Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.  To the extent that this paragraph purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

---

[1] The "Factual Allegations" section of the Complaint contains numerous subheadings to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

36.     Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.  To the extent that this paragraph purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

37.     Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

38.     Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.  To the extent that this paragraph purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

39.     Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

40.     Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.  To the extent that this paragraph purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

41.     Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41. To the extent that this paragraph purports to quote or

describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.   To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

42.    Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, except admits, on information and belief, that Atlantic Asset Management was the subject of a civil action filed by the SEC and is now in receivership. To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

43.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 43.

44.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 44.

45.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 45.

46.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 46.

47.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 47.

48.    To the extent that Paragraph 48 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

49.     On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 49.

50.     To the extent that Paragraph 50 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

51.     To the extent that Paragraph 51 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

52.     To the extent that Paragraph 52 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

53.     To the extent that Paragraph 53 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

54.     To the extent that Paragraph 54 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

55.     To the extent that Paragraph 55 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

56.     On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 56.

57.     On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 57.

58.     To the extent that Paragraph 58 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

59.     To the extent that Paragraph 59 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

60.     To the extent that Paragraph 60 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

61.     On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 61.

62.     To the extent that Paragraph 62 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

63.     To the extent that Paragraph 63 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

64.     To the extent that Paragraph 64 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

65.     To the extent that Paragraph 65 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

66.     On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 66.

67.     To the extent that Paragraph 67 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

68.     To the extent that Paragraph 68 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

69.     To the extent that Paragraph 69 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

70.     To the extent that Paragraph 70 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

71.     To the extent that Paragraph 71 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

72.     To the extent that Paragraph 72 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

73.     On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 73.

74.     On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 74.

75.     On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 75.

76.     To the extent that Paragraph 76 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves. To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

77.     On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 77.

78.     To the extent that Paragraph 78 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves. To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

79.     To the extent that Paragraph 79 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves. To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

80.     On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 80.

81.     To the extent that Paragraph 81 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves. To the

extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

82.    To the extent that Paragraph 82 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

83.    To the extent that Paragraph 83 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

84.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 84.

85.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 85.

86.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 86.

87.    To the extent that Paragraph 87 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

88.    To the extent that Paragraph 88 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the

extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

89.     To the extent that Paragraph 89 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

90.     To the extent that Paragraph 90 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

91.     To the extent that Paragraph 91 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

92.     On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 92.

93.     To the extent that Paragraph 93 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

94.     To the extent that Paragraph 94 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the

14

extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

95.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 95.

96.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 96.

97.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 97.

98.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 98.

99.    To the extent that Paragraph 99 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

100.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 100.

101.    To the extent that Paragraph 101 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

102.    To the extent that Paragraph 102 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the

extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

103.    To the extent that Paragraph 103 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

104.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 104.

105.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 105.

106.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 106.

107.    To the extent that Paragraph 107 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

108.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 108.

109.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 109.

110.    On the advice of counsel, Mr. Archer asserts his constitutional right not to respond to the allegations in Paragraph 110.

111.    To the extent that Paragraph 111 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves. To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

112.    To the extent that Paragraph 112 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves. To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

113.    To the extent that Paragraph 113 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves. To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond, except to admit, on information and belief, that Jason Galanis was arrested on criminal charges in or about September 2015 and that Galanis has pled guilty in connection with that matter.

114.    To the extent that Paragraph 114 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves. To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

115.    To the extent that Paragraph 115 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves. To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

116.    To the extent that Paragraph 116 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond, except to admit, on information and belief that Atlantic Asset Management was the subject of a civil action filed by the SEC and is now in receivership.

117.    To the extent that Paragraph 117 purports to quote or describe documents, Mr. Archer respectfully refers the Court to those documents, which speak for themselves.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

## CAUSES OF ACTION[2]

118.    Mr. Archer incorporates all of the answers set forth above.

119.    Mr. Archer respectfully submits that no response is required to Paragraph 119 because it states conclusions of law and legal assertions, and because Plaintiffs' First Cause of Action is brought only against Defendants Frankie D. Hughes, Michelle A. Morton, and Gary T. Hirst.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

120.    Mr. Archer respectfully submits that no response is required to Paragraph 120 because it states conclusions of law and legal assertions, and because Plaintiffs' First Cause of Action is brought only against Defendants Frankie D. Hughes, Michelle A. Morton, and Gary T. Hirst.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

---

[2] The "Causes of Action" section of the Complaint contains numerous subheadings to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

121.    Mr. Archer respectfully submits that no response is required to Paragraph 121 because it states conclusions of law and legal assertions, and because Plaintiffs' First Cause of Action is brought only against Defendants Frankie D. Hughes, Michelle A. Morton, and Gary T. Hirst.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

122.    Mr. Archer respectfully submits that no response is required to Paragraph 122 because it states conclusions of law and legal assertions, and because Plaintiffs' First Cause of Action is brought only against Defendants Frankie D. Hughes, Michelle A. Morton, and Gary T. Hirst.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

123.    Mr. Archer respectfully submits that no response is required to Paragraph 123 because it states conclusions of law and legal assertions, and because Plaintiffs' First Cause of Action is brought only against Defendants Frankie D. Hughes, Michelle A. Morton, and Gary T. Hirst.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

124.    Mr. Archer respectfully submits that no response is required to Paragraph 124 because it states conclusions of law and legal assertions, and because Plaintiffs' First Cause of Action is brought only against Defendants Frankie D. Hughes, Michelle A. Morton, and Gary T. Hirst.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

125.    Mr. Archer respectfully submits that no response is required to Paragraph 125 because it states conclusions of law and legal assertions, and because Plaintiffs' First Cause of Action is brought only against Defendants Frankie D. Hughes, Michelle A. Morton, and Gary T.

Hirst. To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

126.    Mr. Archer respectfully submits that no response is required to Paragraph 126 because it states conclusions of law and legal assertions, and because Plaintiffs' First Cause of Action is brought only against Defendants Frankie D. Hughes, Michelle A. Morton, and Gary T. Hirst. To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

127.    Mr. Archer respectfully submits that no response is required to Paragraph 127 because it states conclusions of law and legal assertions, and because Plaintiffs' First Cause of Action is brought only against Defendants Frankie D. Hughes, Michelle A. Morton, and Gary T. Hirst. To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

128.    Mr. Archer respectfully submits that no response is required to Paragraph 128 because it states conclusions of law and legal assertions, and because Plaintiffs' First Cause of Action is brought only against Defendants Frankie D. Hughes, Michelle A. Morton, and Gary T. Hirst. To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

129.    Mr. Archer respectfully submits that no response is required to Paragraph 129 because it states conclusions of law and legal assertions, and because Plaintiffs' First Cause of Action is brought only against Defendants Frankie D. Hughes, Michelle A. Morton, and Gary T. Hirst. To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

130.    Mr. Archer incorporates all of the answers set forth above.

131.    Paragraph 131 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

132.    Paragraph 132 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

133.    Paragraph 133 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

134.    Paragraph 134 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

135.    Paragraph 135 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

136.    Paragraph 136 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

137.    Paragraph 137 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

138.     Paragraph 138 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

139.     Paragraph 139 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

140.     Mr. Archer incorporates all of the answers set forth above.

141.     Mr. Archer respectfully submits that no response is required to Paragraph 141 because it states conclusions of law and legal assertions, and because Plaintiffs' Third Cause of Action is brought only against Defendant Frankie D. Hughes.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

142.     Mr. Archer respectfully submits that no response is required to Paragraph 142 because it states conclusions of law and legal assertions, and because Plaintiffs' Third Cause of Action is brought only against Defendant Frankie D. Hughes.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

143.     Mr. Archer respectfully submits that no response is required to Paragraph 143 because it states conclusions of law and legal assertions, and because Plaintiffs' Third Cause of Action is brought only against Defendant Frankie D. Hughes.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

144.     Mr. Archer respectfully submits that no response is required to Paragraph 144 because it states conclusions of law and legal assertions, and because Plaintiffs' Third Cause of Action is brought only against Defendant Frankie D. Hughes.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

145.     Mr. Archer respectfully submits that no response is required to Paragraph 145 because it states conclusions of law and legal assertions, and because Plaintiffs' Third Cause of Action is brought only against Defendant Frankie D. Hughes.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

146.     Mr. Archer respectfully submits that no response is required to Paragraph 146 because it states conclusions of law and legal assertions, and because Plaintiffs' Third Cause of Action is brought only against Defendant Frankie D. Hughes.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

147.     Mr. Archer respectfully submits that no response is required to Paragraph 147 because it states conclusions of law and legal assertions, and because Plaintiffs' Third Cause of Action is brought only against Defendant Frankie D. Hughes.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

148.     Mr. Archer respectfully submits that no response is required to Paragraph 148 because it states conclusions of law and legal assertions, and because Plaintiffs' Third Cause of Action is brought only against Defendant Frankie D. Hughes.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

149.     Mr. Archer incorporates all of the answers set forth above.

150.     Mr. Archer respectfully submits that no response is required to Paragraph 150 because it states conclusions of law and legal assertions, and because Plaintiffs' Fourth Cause of Action is brought only against Defendants Michelle A. Morton and Gary T. Hirst.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

151.    Mr. Archer respectfully submits that no response is required to Paragraph 151 because it states conclusions of law and legal assertions, and because Plaintiffs' Fourth Cause of Action is brought only against Defendants Michelle A. Morton and Gary T. Hirst.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

152.    Mr. Archer respectfully submits that no response is required to Paragraph 152 because it states conclusions of law and legal assertions, and because Plaintiffs' Fourth Cause of Action is brought only against Defendants Michelle A. Morton and Gary T. Hirst.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

153.    Mr. Archer respectfully submits that no response is required to Paragraph 153 because it states conclusions of law and legal assertions, and because Plaintiffs' Fourth Cause of Action is brought only against Defendants Michelle A. Morton and Gary T. Hirst.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

154.    Mr. Archer incorporates all of the answers set forth above.

155.    Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

156.    Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

157.    Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

158.    Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

159.    Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

160.    Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

161.    Paragraph 161 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

162.    Paragraph 162 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

163.    Paragraph 163 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

164.    Mr. Archer incorporates all of the answers set forth above.

165.     Paragraph 165 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

166.     Paragraph 166 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

167.     Paragraph 167 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

168.     Paragraph 168 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

169.     Paragraph 169 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

170.     Paragraph 170 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

171.     Paragraph 171 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

172.    Paragraph 172 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

173.    Paragraph 173 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

174.    Mr. Archer incorporates all of the answers set forth above.

175.    Paragraph 175 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

176.    Paragraph 176 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

177.    Paragraph 177 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

178.    Paragraph 178 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

179.    Paragraph 179 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

180.    Mr. Archer incorporates all of the answers set forth above.

181.    Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

182.    Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

183.    Paragraph 183 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

184.    Paragraph 184 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

185.    Paragraph 185 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

186.    Paragraph 186 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

187.    Paragraph 187 states conclusions of law and legal assertions to which no response is required.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

188.    Mr. Archer incorporates all of the answers set forth above.

189.    Mr. Archer respectfully submits that no response is required to Paragraph 189 because it states conclusions of law and legal assertions, and because Plaintiffs' Ninth Cause of Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

190.    Mr. Archer respectfully submits that no response is required to Paragraph 190 because it states conclusions of law and legal assertions, and because Plaintiffs' Ninth Cause of Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

191.    Mr. Archer respectfully submits that no response is required to Paragraph 191 because it states conclusions of law and legal assertions, and because Plaintiffs' Ninth Cause of Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

192.    Mr. Archer respectfully submits that no response is required to Paragraph 192 because Plaintiffs' Ninth Cause of Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake Community Corporation.  To the extent that a response is required, Mr. Archer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192.  To the extent that a further response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

193.    Mr. Archer respectfully submits that no response is required to Paragraph 193 because it states conclusions of law and legal assertions, and because Plaintiffs' Ninth Cause of

Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

194.    Mr. Archer respectfully submits that no response is required to Paragraph 194 because it states conclusions of law and legal assertions, and because Plaintiffs' Ninth Cause of Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

195.    Mr. Archer respectfully submits that no response is required to Paragraph 195 because it states conclusions of law and legal assertions, and because Plaintiffs' Ninth Cause of Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

196.    Mr. Archer respectfully submits that no response is required to Paragraph 196 because it states conclusions of law and legal assertions, and because Plaintiffs' Ninth Cause of Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

197.    Mr. Archer respectfully submits that no response is required to Paragraph 197 because it states conclusions of law and legal assertions, and because Plaintiffs' Ninth Cause of Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

198.    Mr. Archer respectfully submits that no response is required to Paragraph 198 because it states conclusions of law and legal assertions, and because Plaintiffs' Ninth Cause of Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

199.    Mr. Archer respectfully submits that no response is required to Paragraph 199 because it states conclusions of law and legal assertions, and because Plaintiffs' Ninth Cause of Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

200.    Mr. Archer respectfully submits that no response is required to Paragraph 200 because it states conclusions of law and legal assertions, and because Plaintiffs' Ninth Cause of Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

201.    Mr. Archer respectfully submits that no response is required to Paragraph 201 because it states conclusions of law and legal assertions, and because Plaintiffs' Ninth Cause of Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

202.    Mr. Archer respectfully submits that no response is required to Paragraph 202 because it states conclusions of law and legal assertions, and because Plaintiffs' Ninth Cause of Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake

Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

203.    Mr. Archer respectfully submits that no response is required to Paragraph 203 because it states conclusions of law and legal assertions, and because Plaintiffs' Ninth Cause of Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

204.    Mr. Archer respectfully submits that no response is required to Paragraph 204 because it states conclusions of law and legal assertions, and because Plaintiffs' Ninth Cause of Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

205.    Mr. Archer respectfully submits that no response is required to Paragraph 205 because it states conclusions of law and legal assertions, and because Plaintiffs' Ninth Cause of Action is brought only against Defendants U.S. Bank National Association and Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

206.    Mr. Archer incorporates all of the answers set forth above.

207.    Mr. Archer respectfully submits that no response is required to Paragraph 207 because it states conclusions of law and legal assertions, and because Plaintiffs' Tenth Cause of Action is brought only against Defendants Greenberg Traurig, L.L.P., Dilworth Paxson, LLP, and Timothy B. Anderson.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

208.     Mr. Archer respectfully submits that no response is required to Paragraph 208 because it states conclusions of law and legal assertions, and because Plaintiffs' Tenth Cause of Action is brought only against Defendants Greenberg Traurig, L.L.P., Dilworth Paxson, LLP, and Timothy B. Anderson.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

209.     Mr. Archer respectfully submits that no response is required to Paragraph 209 because it states conclusions of law and legal assertions, and because Plaintiffs' Tenth Cause of Action is brought only against Defendants Greenberg Traurig, L.L.P., Dilworth Paxson, LLP, and Timothy B. Anderson.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

210.     Mr. Archer respectfully submits that no response is required to Paragraph 210 because it states conclusions of law and legal assertions, and because Plaintiffs' Tenth Cause of Action is brought only against Defendants Greenberg Traurig, L.L.P., Dilworth Paxson, LLP, and Timothy B. Anderson.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

211.     Mr. Archer respectfully submits that no response is required to Paragraph 211 because it states conclusions of law and legal assertions, and because Plaintiffs' Tenth Cause of Action is brought only against Defendants Greenberg Traurig, L.L.P., Dilworth Paxson, LLP, and Timothy B. Anderson.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

212.     Mr. Archer respectfully submits that no response is required to Paragraph 212 because it states conclusions of law and legal assertions, and because Plaintiffs' Tenth Cause of Action is brought only against Defendants Greenberg Traurig, L.L.P., Dilworth Paxson, LLP,

and Timothy B. Anderson. To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

213.    Mr. Archer respectfully submits that no response is required to Paragraph 213 because it states conclusions of law and legal assertions, and because Plaintiffs' Tenth Cause of Action is brought only against Defendants Greenberg Traurig, L.L.P., Dilworth Paxson, LLP, and Timothy B. Anderson. To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

214.    Mr. Archer respectfully submits that no response is required to Paragraph 214 because it states conclusions of law and legal assertions, and because Plaintiffs' Tenth Cause of Action is brought only against Defendants Greenberg Traurig, L.L.P., Dilworth Paxson, LLP, and Timothy B. Anderson. To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

215.    Mr. Archer respectfully submits that no response is required to Paragraph 215 because it states conclusions of law and legal assertions, and because Plaintiffs' Tenth Cause of Action is brought only against Defendants Greenberg Traurig, L.L.P., Dilworth Paxson, LLP, and Timothy B. Anderson. To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

216.    Mr. Archer incorporates all of the answers set forth above.

217.    Mr. Archer respectfully submits that no response is required to Paragraph 217 because it states conclusions of law and legal assertions, and because Plaintiffs' Eleventh Cause of Action is brought only against Defendant Wakpamni Lake Community Corporation. To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

218.    Mr. Archer respectfully submits that no response is required to Paragraph 218 because it states conclusions of law and legal assertions, and because Plaintiffs' Eleventh Cause of Action is brought only against Defendant Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

219.    Mr. Archer respectfully submits that no response is required to Paragraph 219 because it states conclusions of law and legal assertions, and because Plaintiffs' Eleventh Cause of Action is brought only against Defendant Wakpamni Lake Community Corporation.  To the extent that a response is required, on the advice of counsel, Mr. Archer asserts his constitutional right not to respond.

## PRAYER FOR RELIEF

The paragraphs labeled (a) through (k) under the heading "Prayer for Relief" state the relief requested by the Plaintiffs in this action, to which no response is required.

## AFFIRMATIVE DEFENSES

In further response, upon information and belief and subject to further investigation and discovery, Mr. Archer asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against Mr. Archer are barred, in whole or in part, because Plaintiffs fail to state a claim against Mr. Archer upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against Mr. Archer are barred, in whole or in part, because the Complaint's allegations against Mr. Archer fail to meet the pleading requirements of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Mr. Archer are barred, in whole or in part, by laches, equitable estoppel, waiver or other equitable doctrines.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Mr. Archer are barred, in whole or in part, by Plaintiffs' own actions, omissions and/or negligence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Mr. Archer are barred, in whole or in part, because any relief or recovery would unjustly enrich or constitute a windfall to Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Mr. Archer and the allegations upon which they are based are improperly vague, ambiguous and confusing, and Mr. Archer hereby reserves the right to request a more definite statement.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Mr. Archer are barred, in whole or in part, because the injuries allegedly sustained were caused by the actions or inactions of persons and entities other than Mr. Archer and outside the control of Mr. Archer, and/or by economic and other events that were outside the control of Mr. Archer.  These actions, inactions and events were intervening or superseding causes of the damages alleged.

## EIGHTH AFFIRMATIVE DEFENSE

Mr. Archer currently has insufficient knowledge or information upon which to form a belief as to other potential defenses that may be available to him, and expressly reserves the right to amend or supplement this Answer and these affirmative defenses, as well as to assert any and

36

all additional or alternative affirmative defenses under any applicable state or federal law or regulations, in the event that discovery indicates that such affirmative defenses are available to him.  Mr. Archer also reserves the right to assert any cross-claims, counterclaims and third-party claims in the event that discovery indicates that such claims are available.

## INCORPORATION BY REFERENCE

Mr. Archer incorporates by reference any defense that any other defendant pleads in this action, to the extent the defense applies to any claims against Mr. Archer in whole or in part.

## RESERVATION OF RIGHTS

Mr. Archer reserves the right to allege other defenses and affirmative defenses as they become known during the course of discovery, and hereby specifically reserves the right to amend his answer to allege such additional affirmative defenses at such time as they become known, to the extent required.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Archer demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Mr. Archer asks:

1.    That judgment be entered in his favor and against Plaintiffs;

2.    That the Complaint and all claims be dismissed with prejudice;

3.    For attorneys' fees and the costs of suit; and

4.    For such other relief that the Court deems just and proper.

Dated: January 23, 2017
         New York, New York

                              Respectfully submitted,

                              /s/    Kelly Dennis Dean
                              Kelly Dennis Dean (ID #10109)
                              GRIFFITH, SHARP & LIIPFERT, LLC
                              600 Monson Street
                              PO Drawer 570
                              Beaufort, South Carolina 29902
                              Tel.: (843) 521-4242
                              Fax: (843) 521-4247
                              kdean@griffithsharp.com

                              Matthew L. Schwartz (*pro hac vice* application
                              forthcoming)
                              BOIES, SCHILLER & FLEXNER LLP
                              575 Lexington Avenue, 7th Floor
                              New York, New York 10022
                              Tel.: (212) 446-2300
                              Fax: (212) 446-2350
                              mlschwartz@bsfllp.com

                              David Nelson (*pro hac vice* application forthcoming)
                              BOIES, SCHILLER & FLEXNER LLP
                              401 East Las Olas Boulevard, Suite 1200
                              Fort Lauderdale, Florida 33301
                              Tel.: (954) 356-0011
                              Fax: (954) 356-0022
                              dnelson@bsfllp.com

                              *Attorneys for Defendant Devon D. Archer*