**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan,<br><br>        Plaintiffs,<br><br>   v.<br><br>Dilworth Paxson, LLP, BFG Socially Responsible Investments, Ltd., Burnham Financial Group, Inc., Burnham Securities, Inc., COR Fund Advisors, LLC, GMT Duncan, LLC, Greenberg Traurig, LLP, Thorsdale Fiduciary and Guaranty Company Ltd., U.S. Bank National Association, Valor Group Ltd., Wakpamni Lake Community Corp., Wealth-Assurance AG, Wealth Assurance Private Client Corporation, Timothy B. Anderson, Jon Michael Burnham, Devon D. Archer, Bevan T. Cooney, Hugh Dunkerley, Jason W. Galanis, John P. Galanis, Gary T. Hirst, Frankie D. Hughes, and Michelle A. Morton,<br><br>        Defendants. | Case No. 6:16-CV-03604-HMH<br><br><br>**THE MICHELIN RETIREMENT PLAN AND THE INVESTMENT COMMITTEE OF THE MICHELIN RETIREMENT PLAN'S MEMORANDUM IN SUPPORT OF MOTION TO STAY** |

Plaintiffs, the Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan ("Michelin") move the court for an order staying the proceedings of the above captioned case for a term of one hundred twenty (120) days or for such longer time as more fully described below. The recent facts giving rise to this Motion are:

    1.    The "mastermind" of the criminal scheme at the heart of this action, Defendant Jason W. Galanis ("Jason Galanis") has entered a guilty plea on January 19, 2017, a plea which included a monetary judgment and forfeiture of $43,277,436.00 in *United State v. Jason Galanis, et al.*, 16 Cr. 0371 (RA) (S.D.N.Y.);

1

2.       Jason Galanis is scheduled to be sentenced on May 5, 2017; and

3.       There is a Revised Jointly Proposed Plan of Distribution (the "Distribution Plan") currently before the Southern District of New York in an action brought by the Securities and Exchange Commission arising out of the same fraudulent scheme, *Securities and Exchange Commission v. Atlantic Asset Management, LLC*, 15 Civ. 9764 (WHP) (S.D.N.Y.) the adoption of which will significantly affect this action. The hearing for the approval of the Distribution Plan is scheduled for February 24, 2017.

## FACTUAL AND PROCEDURAL HISTORY

Michelin brought this action to recover over $8 million stolen from the Michelin Retirement Fund, an employee welfare benefit plan governed by ERISA. The Defendants, acting in concert and separately in contravention of their individual duties, carried out and enabled a fraudulent conspiracy to raid the retirement funds of Michelin and other similarly situated victims. The fraudulent scheme involved:

- **Deceived Issuer** – Defendants convinced representatives of the Wakpamni Lake Community of the Oglala Sioux Tribe to issue bonds with promises of free community improvement projects for the Tribe;

- **Fake Investment** – Defendants set up that bond transaction to supposedly invest the proceeds in an "annuity" that was entirely fake;

- **Network of Collusive Actors** – Defendants placed co-conspirators in control of each entity involved with every aspect of the bond transaction and carried out their conspiracy with those persons;

- **Retirement Plans as Targeted Victims** – Defendants acquired ownership and control of investment management companies in order to steal retirement funds entrusted to those companies by "investing" those funds in the fraudulent bonds;

- **Forced Buyers** – Defendants used their conspiratorial cooperation to force retirement fund client funds into the purchase of the issued tribal bonds; and

- **Slush Fund Proceeds** – Defendants immediately raided the proceeds from closing the bonds in order to create a "slush fund" that would pay certain Defendants, directly and indirectly, to support their lifestyles, legal fees, and speculative ventures.

This scheme was accomplished with the purposeful, deceptive, and reprehensible acts of the co-conspirator Defendants, combined with the negligent, derelict, and careless lapses of duty by certain other Defendants.

Michelin's Complaint was filed on November 10, 2016. (Compl., ECF No. 1). On January 23, 2017 Morton filed a "Motion to Stay Proceedings or in the Alternative Answer to Complaint", wherein she asked the Court to stay this action until the resolution of her criminal case, *United States v. Galanis, et al.*, 16 Cr. 371 (RA) (S.D.N.Y.). (Morton Mot., ECF No. 30.) On the very same day, Defendant Devon D. Archer ("Archer") filed his Answer. (Archer Answer, ECF No. 31.) . The Clerk of Court has entered default against Defendants BFG Socially Responsible Investments Ltd. (ECF No. 48), Burnham Financial Group, Inc. (ECF No. 48), COR Fund Advisors, LLC (ECF No. 48), GMT Duncan, LLC (ECF No. 48), Thorsdale Fiduciary and Guaranty Company Ltd (ECF No. 48), Wealth Assurance Private Client Corporation (ECF No. 48), Burnham Securities, Inc. (ECF No. 51), and John P. Galanis (ECF No. 59). The remaining eleven (11) defendants have not yet responded, but are required to do so soon.

## **LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Harbour Town Yacht Club Boat Slip Owners Ass'n v. Safe Berth Management, Inc.*, 411 F.Supp.2d 641, 643 (D.S.C. 2005) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). "[A] court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when the interests of justice seem [ ] to require such action, sometimes at the request of the prosecution, [...] sometimes at the request of the defense[.]" *Id.* at 644 (quotation omitted). District Courts have discretionary authority to stay a case when interests of justice so require. *See Clinton v. Jones*, 520 U.S. 681, 707 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In deciding whether

3

to grant a stay, courts generally consider the following factors: 1) reduction of the burden on the parties and the court; 2) the stage of the litigation; and 3) any undue prejudice caused by the stay to the non-moving party. *Graham-White Mfg. Co. v. Ell-Con Nat., Inc.*, 2006 WL 2716439, at *2 (D.S.C. 2006).

## ARGUMENT

**A.     Defendant Jason Galanis' Forfeiture of $43,277,436.00 in the Criminal Action Could Resolve or Refine this Matter After His Sentencing Hearing on May 5, 2017.**

On January 19, 2017, Jason Galanis entered a guilty plea in the action *United States v. Galanis, et al.*, 16 Cr. 371 (RA) (S.D.N.Y.). As part of the plea agreement, Defendant Galanis entered into a final Consent Preliminary Order of Forfeiture/Money Judgment in the amount of $43,277,436.00. (See "Forfeiture/Money Judgment", ECF No. 124, attached hereto as **Exhibit A** at ¶ 2.)   Pursuant to this Forfeiture/Money Judgment and Title 21, United States Code, Section 853, payments made by Jason Galanis to the United States Marshals Service are to be deposited in "the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property." (Forfeiture/Money Judgment at ¶ ¶ 3-4).

Michelin's Counsel has attempted contact with the United States Attorney's Office, but has not yet been able to learn of the status of this account, or if there will be any money actually deposited in this account. A stay in these proceedings would give Michelin the opportunity to inquire as to the probability of receiving restitution that may completely alleviate, or at least reduce the damages sought to be recovered in this action. The sentencing of Jason Galanis on May 5, 2017, should involve a thorough review of admitted facts, including the disposition of the stolen money and plans for restitution.

**B.     A Stay Would Prevent Further Delay if Atlantic Asset Management, LLC is Added to the Action following the Resolution of the Distribution Plan.**

As stated in Michelin's Complaint, in December 2015, a related action was brought by the Securities Exchange Commission against Atlantic Asset Management, LLC ("AAM"). AAM is now in receivership. *See Securities and Exchange Commission v. Atlantic Asset Management, LLC*, 15 Civ. 9764 (WHP) (S.D.N.Y.) (the "AAM Receivership"). AAM is the surviving entity of a merger involving Hughes Capital Management, LLC, an ERISA fiduciary of the Michelin Retirement Plan that managed that portion of the Plan assets from which funds were stolen in this fraudulent scheme. AAM and Hughes Capital are not named as Defendants in Michelin's Complaint due to an order in the AAM Receivership enjoining any party from bringing such an action against AAM. *See* Order Setting Schedule for Approval of Proposed Joint Plan of Distribution (ECF No. 131) in *Securities and Exchange Commission v. Atlantic Asset Management, LLC*, 115 Civ. 9764 (WHP) (S.D.N.Y.) (attached as **Exhibit B**) However, given its central role in this fraudulent scheme, AAM is centrally featured in the facts of this Complaint.

The AAM receivership is almost concluded, and is anticipated to result in the approval of a "Revised Joint Plan of Distribution" (ECF No. 145-12 attached as **Exhibit C**). Prior to the filing of this case, Michelin's Counsel believed the Distribution Plan would have already been approved at this point. Subsequent to the filing of Michelin's Complaint a hearing was scheduled in the AAM Receivership for January 25, 2017 to address the Jointly Proposed Plan for Distribution. That hearing was postponed by the District Court until February 24, 2017 (ECF No. 171 attached as **Exhibit D**). If the Distribution Plan is approved, Michelin will seek to add AAM as a defendant in the above captioned case.

Michelin submits that no prejudice will result from the proposed stay. Only two out of twenty-three defendants have filed an Answer. A temporary stay of these proceedings will

5

advance judicial economy as AAM and its legal counsel will presumably need time to appear and respond in the action, without duplicating the pleading, discovery, and motion practice which would otherwise take place in the interim. The other parties to this action (that may appear in the coming days and weeks) will not be prejudiced by a small delay that could possibly avoid unnecessary litigation expense and use of Court resources.

## CONCLUSION

For the reasons set forth above, Michelin respectfully asks that these proceedings be stayed until the later of one hundred twenty (120) days or the resolution of the Distribution Plan.
.

        Respectfully submitted,

        s/ J. Derrick Quattlebaum
        J. Derrick Quattlebaum, Fed ID No. 5252
        Steve A. Matthews, Fed ID No. 5119
        J. W. Matthews III, Fed ID No. 3202

        HAYNSWORTH SINKLER BOYD, P.A.
        ONE North Main Street, 2nd Floor
        Greenville, SC  29601-2772
        Telephone:   864.240.3200
        Facsimile:    864.240.3300

*Attorneys for The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan*

February 6, 2017