# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan, | Civil Action No.: 6:16-cv-03604-HMH-JDA |
| Plaintiffs, | |
| v. | **ANSWER AND COUNTERCLAIM OF DEFENDANT FRANKIE D. HUGHES** |
| Dilworth Paxson, LLP, BFG Socially Responsible Investments, Ltd., Burnham Financial Group, Inc., Burnham Securities, Inc., COR Fund Advisors, LLC, GMT Duncan, LLC, Greenberg Traurig, LLP, Thorsdale Fiduciary and Guaranty Company Ltd., U.S. Bank National Association, Valor Group Ltd., Wakpamni Lake Community Corp., Wealth-Assurance AG, Wealth Assurance Private Client Corporation, Timothy B. Anderson, Jon Michael Burnham, Devon D. Archer, Bevan T. Cooney, Hugh Dunkerley, Jason W. Galanis, John P. Galanis, Gary T. Hirst, Frankie D. Hughes, and Michelle A. Morton, | |
| Defendants. | |

The Defendant Frankie D. Hughes ("Frankie Hughes"), answering the Complaint and counterclaiming in this matter, will show:

## FOR A FIRST DEFENSE

1. Each and every allegation of the Complaint that is not hereinafter specifically admitted, modified or explained is denied and strict proof demanded thereof.

2. With regard to the allegations set forth in the Preliminary Statement of the Complaint, the Defendant Frankie Hughes denies those allegations to the extent that they are made against her. As to the remaining allegations, they are denied for a lack of information.

3. To the extent the unnumbered headings throughout the Complaint are intended as allegations, those headings are denied as to the Defendant Frankie Hughes.

4. The Defendant Frankie Hughes denies the allegations contained in Paragraphs 1 and 2 of the Complaint for lack of information.

5. The Defendant Frankie Hughes admits so much of Paragraph 3 on information and belief the allegations that Atlantic Asset Management, LLC ("AAM") is the subject of an action by the Securities Exchange Commission in connection with bonds issued by the Wakpamni Lake Community Corporation and is now in receivership, but the remaining allegations of Paragraph 3 are denied for lack of information.

6. The allegations of Paragraph 4 are admitted to the extent that Hughes Capital Management, Inc. ("Hughes Capital"), incorrectly identified in the Complaint as "Hughes Capital Management, LLC," was located at 916 Prince Street, Third Floor, Alexandria, Virginia 22314, and that it was organized and duly authorized to conduct business under the laws of Virginia. The Defendant Frankie Hughes is informed and believes that Hughes Capital was later merged into Atlantic Asset Management, LLC, but the remaining allegations are denied for lack of information.

7. The Defendant Frankie Hughes denies the allegations set forth in Paragraphs 5-17 for a lack of information.

8. The Defendant Frankie Hughes admits so much of Paragraph 18 as alleges that GMT Duncan, LLC ("GMT") purchased Hughes Capital, but the remaining allegations of Paragraph 18 are denied for lack of information.

9. The Defendant Frankie Hughes denies for lack of information the allegations set forth in Paragraphs 19-25.

10. With regard to the allegations of Paragraph 26, the Defendant Frankie Hughes admits that Michelle Morton ("Morton") served as Chief Executive Officer of Hughes Capital after the purchase of Hughes Capital by GMT. Frankie Hughes further admits on information and belief that Morton owned an interest in AAM's parent company GMT. The remaining allegations of Paragraph 26 are denied for lack of information.

11. The Defendant Frankie Hughes admits so much of Paragraph 27 as alleges that she founded Hughes Capital and served as its President and CIO prior to Hughes Capital's sale to GMT in August, 2014. The remaining allegations of Paragraph 27 are denied.

12. The allegations of Paragraph 28 are denied to the extent inconsistent with the remaining allegations of this Answer.

13. The allegations of Paragraph 29 state conclusions of law to which no response is required, but to the extent a response is required, the Defendant Frankie Hughes denies that this Court has subject matter jurisdiction over the claims asserted in the Complaint.

14. The allegations of Paragraph 30 state a legal conclusion and to that extent do not require a response, but to the extent a response is required, the Defendant Frankie Hughes denies the allegations of Paragraph 30 directed to her, and denies the remaining allegations for lack of information.

15. The allegations of Paragraph 31 likewise state a legal conclusion and no response is required, but to the extent a response is required, the allegation that "the injury associated with the misappropriation of funds takes effect in Greenville, South Carolina where Michelin is located" is denied.

16. The allegations of Paragraph 32 state a legal conclusion to which no response is required, but the extent that a response is required, those allegations are denied.

17. The allegations of Paragraph 33 state a legal conclusion to which no response is required, but the extent that a response is required, those allegations are denied.

18. With regard to the allegations of Paragraph 34, the Defendant Frankie Hughes denies the allegations incorporated therein by reference to the extent inconsistent with this Answer.

19. The Defendant Frankie Hughes admits the allegations of Paragraph 35 on information and belief.

20. The allegations of Paragraph 36 are denied and, further, the Defendant Frankie Hughes would show and allege that the Investment Management Agreement referenced in paragraph 36 was entered into by and between Hughes Capital and Michelin North America, Inc. Master Trust Investment Committee.

21. The allegations of Paragraph 37 are denied to the extent they allege an obligation of Hughes Capital (a) other than to Michelin North America, Inc. Master Trust Investment Committee and/or (b) contrary or in addition to such obligations as set forth in said agreement. The Defendant Frankie Hughes further alleges that said agreement was subsequently modified after January, 1999.

22. The Defendant Frankie Hughes is informed and believes that Hughes Capital notified the appropriate entities that it had been acquired by GMT, but the Defendant Frankie Hughes does not have the details of that notice and therefore the remaining allegations of Paragraph 38 are denied for a lack of information.  Reference is instead made by the Defendant Frankie Hughes to the alleged letter and other notice given to the Plaintiffs as to the details of such notice.

23. The allegations of Paragraphs 39-60 are denied for lack of information.  However, as to the allegations of paragraph 57, the Defendant Frankie Hughes denies Hughes Capital negotiated with Jason Galanis, and with regard to the last sentence of Paragraph 60 of the Complaint, the Defendant Frankie Hughes admits on information and belief that Hughes Capital became a subsidiary of GMT after the acquisition of Hughes Capital by GMT and that Morton became an officer of Hughes Capital, but the remaining allegations of Paragraph 60 are denied for lack of information.

24. The Defendant Frankie Hughes denies for lack of information the allegations of Paragraph 61, except that she admits that she was paid $2,660,618 by GMT for the purchase of Hughes Capital. The remaining allegations of Paragraph 61 are denied for lack of information.

25. The Defendant Frankie Hughes denies for lack of information the allegations set forth in Paragraphs 62-66.

26. With regard to the allegations of Paragraph 67, those allegations are denied as alleged for lack of information.  However, the Defendant Frankie Hughes did become aware shortly after the purchase of Hughes Capital that certain investments were contemplated that were not appropriate for the clients of Hughes Capital, which would include the Plaintiffs, and that she expressed disapproval of the investment into such inappropriate securities.  The concerns

of the Defendant Frankie Hughes were summarily dismissed by Hughes Capital and those in charge of it.

27.     The Defendant Frankie Hughes denies for lack of information the allegations set forth in Paragraphs 68-84.

28.     The first sentence of Paragraph 85 is denied to the extent it alleges that Hughes Capital failed to properly notify Michelin. The remaining allegations of Paragraph 85 are denied for lack of information.

29.     The Defendant Frankie Hughes denies for lack of information the allegations set forth in Paragraphs 86-117.

30.     With regard to the allegations of Paragraph 118, the Defendant Frankie Hughes denies any allegations incorporated by reference to the extent that they are inconsistent with this Answer.

31.     The allegations of Paragraph 119 state a legal conclusion to which no response is required, but the extent that a response is required, those allegations are denied for lack of information.

32.     The Defendant Frankie Hughes denies the allegations of Paragraph 120. The Defendant Frankie Hughes alleges instead that pursuant to the Share Purchase Agreement, dated as of August 4, 2014, wherein HCM Holdings, Inc. sold its interest in Hughes Capital Management, Inc. to GMT, she entered into a consulting agreement with GMT "to assist in transitioning the Company to new ownership and to maintain and enhance client relationships with the Company." In that regard the only remaining role of Frankie Hughes after the sale of Hughes Capital was pursuant to such consulting agreement in order to transition the company to new ownership. The Defendant Frankie Hughes did not serve as any special advisor nor did she

render investment advice, beyond expressing concern about the propriety of the acquisition of certain securities by Hughes Capital after Hughes Capital was acquired by GMT. Defendant Frankie Hughes denies the remainder of Paragraph 120.

33. The allegations of Paragraph 121 are denied as to the Defendant Frankie Hughes. The remaining allegations are denied for lack of information.

34. The Defendant Frankie Hughes denies the allegations of Paragraph 122 for lack of information.

35. The Defendant Frankie Hughes denies the first sentence of Paragraph 123. The remaining allegations of Paragraph 123 are denied for lack of information.

36. The allegations of Paragraph 124 are denied for lack of information.

37. The allegations of Paragraph 125 are denied for lack of information.

38. The allegations of Paragraph 126 with regard to the Defendant Frankie Hughes are denied, the remaining allegations are denied for lack of information.

39. The allegations of Paragraphs 127-129 are denied.

40. The allegations of Paragraph 130, which incorporate allegations by reference, are denied to the extent inconsistent with this Answer.

41. The allegations of Paragraphs 131-139 are not directed against the Defendant Frankie Hughes and no response is required, but to the extent that a response is required, those allegations are denied as to Frankie Hughes and denied as to the other Defendants for lack of information.

42. The allegations of Paragraph 140, which incorporate allegations by reference, are denied to the extent inconsistent with this Answer.

43. The Defendant Frankie Hughes denies the allegations of Paragraph 141.

44. The allegations of Paragraph 142 are denied as worded.

45. The allegations of Paragraphs 143-148 are denied.

46. The allegations of Paragraph 149, which incorporate allegations by reference, are denied to the extent inconsistent with this Answer.

47. Inasmuch as the allegations of Paragraphs 150-153 do not make allegations against the Defendant Frankie Hughes, no response is necessary, but to the extent a response is required, those allegations as to the Defendant Frankie Hughes are denied and as to the remaining Defendants they are denied for lack of information.

48. The allegations of Paragraph 154, which incorporate allegations by reference, are denied to the extent inconsistent with this Answer.

49. Inasmuch as the allegations of Paragraphs 155-163 do not make allegations against the Defendant Frankie Hughes, no response is necessary, but to the extent a response is required, those allegations as to the Defendant Frankie Hughes are denied and as to the remaining Defendants they are denied for lack of information.

50. The allegations of Paragraph 164, which incorporate allegations by reference, are denied to the extent inconsistent with this Answer.

51. Inasmuch as the allegations of Paragraphs 165-173 do not make allegations against the Defendant Frankie Hughes, no response is necessary, but to the extent a response is required, those allegations as to the Defendant Frankie Hughes are denied and as to the remaining Defendants they are denied for lack of information.

52. The allegations of Paragraph 174, which incorporate allegations by reference, are denied to the extent inconsistent with this Answer.

53. Inasmuch as the allegations of Paragraphs 175-179 do not make allegations against the Defendant Frankie Hughes, no response is necessary, but to the extent a response is required, those allegations as to the Defendant Frankie Hughes are denied and as to the remaining Defendants they are denied for lack of information.

54. The allegations of Paragraph 180, which incorporate allegations by reference, are denied to the extent inconsistent with this Answer.

55. Inasmuch as the allegations of Paragraphs 181-187 do not make allegations against the Defendant Frankie Hughes, no response is necessary, but to the extent a response is required, those allegations as to the Defendant Frankie Hughes are denied and as to the remainder Defendants they are denied for lack of information.

56. The allegations of Paragraph 188, which incorporate allegations by reference, are denied to the extent inconsistent with this Answer.

57. Inasmuch as the allegations of Paragraphs 189-205 do not make allegations against the Defendant Frankie Hughes, no response is necessary, but to the extent a response is required, those allegations as to the Defendant Frankie Hughes are denied and as to the remaining Defendants they are denied for lack of information.

58. The allegations of Paragraph 206, which incorporate allegations by reference, are denied to the extent inconsistent with this Answer.

59. Inasmuch as the allegations of Paragraphs 207-215 do not make allegations against the Defendant Frankie Hughes, no response is but to the extent a response is required, those allegations as to the Defendant Frankie Hughes are denied and as to the remaining Defendants they are denied for lack of information.

60. The allegations of Paragraph 216, which incorporate allegations by reference, are denied to the extent inconsistent with this Answer.

61. Inasmuch as the allegations of Paragraphs 217-219 do not make allegations against the Defendant Frankie Hughes, no response is necessary, but to the extent a response is required, those allegations as to the Defendant Frankie Hughes are denied and as to the remaining Defendants they are denied for lack of information.

## FOR A SECOND DEFENSE

62. Each and every allegation set forth above is incorporated herein by reference.

63. The Complaint of the Plaintiffs fails to state facts sufficient to constitute a cause of action against the Defendant Frankie Hughes and she, therefore, is entitled to dismissal of the Complaint as to her.

## FOR A THIRD DEFENSE

64. Each and every allegation set forth above is incorporated herein by reference.

65. The Defendant Frankie Hughes affirmatively pleads that the cause of action asserted against her under ERISA preempts all State law claims, including the cause of action against her for negligence and, therefore, she is entitled to dismissal of all causes of action based on State law, including without limitation, the Third Cause of Action for alleged negligence.

## FOR A FOURTH DEFENSE

66. Each and every allegation set forth above is incorporated herein by reference.

67. The Defendant Frankie Hughes alleges that throughout the times relevant to the Complaint, she relied upon advice of legal counsel and other professionals.

## FOR A FIFTH DEFENSE

68. Each and every allegation set forth above is incorporated herein by reference.

69.     The Defendant Frankie Hughes affirmatively pleads all applicable statutes of limitation and repose on all causes of action alleged against her.

## FOR A SIXTH DEFENSE

70.     Each and every allegation set forth above is incorporated herein by reference.

71.     While the Defendant Frankie Hughes denies any wrongdoing either by breach of fiduciary duty or negligence, nonetheless, she affirmatively pleads the intervening and superseding wrongful, including apparently criminal, acts of other third-parties, including some of the Defendants, which proximately caused the injury alleged by the Plaintiffs.

## FOR A SEVENTH DEFENSE

72.     Each and every allegation set forth above is incorporated herein by reference.

73.     To the extent any of the allegations of the Complaint refer to information set forth in documents or statutes, reference is made to those respective documents or statutes for the content thereof and to the extent any allegations of the Complaint are inconsistent therewith, those allegations are denied.

## FOR AN EIGHTH DEFENSE

74.     Each and every allegation set forth above is incorporated herein by reference.

75.     The Defendant Frankie Hughes affirmatively pleads laches, equitable estoppel, waiver or other equitable doctrines applicable in this matter.

## FOR A NINTH DEFENSE

76.     Each and every allegation set forth above is incorporated herein by reference.

77.     While the Defendant Frankie Hughes denies any breach of fiduciary duty, negligence or any other theory of liability against her, nonetheless, she affirmatively pleads that the Plaintiffs failed to act with reasonable promptness in investigating and pursuing resolution of

the investment of its funds in the bonds as alleged in the Complaint and its unreasonable delay proximately caused the loss complained of by the Plaintiffs.

## FOR A TENTH DEFENSE

78. Each and every allegation set forth above is incorporated herein by reference.

79. The Defendant Frankie Hughes, while denying any liability, nonetheless, affirmatively pleads the failure of the Plaintiffs to mitigate their damages.

## FOR AN ELEVENTH DEFENSE

80. Each and every allegation set forth above is incorporated herein by reference.

81. The Defendant Frankie Hughes, while denying any liability, nonetheless, affirmatively pleads that she is entitled to set-off to the extent of any recovery against any of the other Defendants, along with recovery from any forfeiture of assets for any parties involved in the matter set forth in the Complaint.

## FOR A TWELTH DEFENSE

82. Each and every allegation set forth above is incorporated herein by reference.

83. The Defendant Frankie Hughes reserves her right to allege other defenses including affirmative defenses as discovery is done in this matter and more information is brought to light enabling her to identify other matters to be presented to the Court by way of defense.

## FOR A THIRTEENTH DEFENSE

84. Each and every allegation set forth above is incorporated herein by reference.

85. The Defendant Frankie Hughes alleges lack of standing of the Plaintiffs to bring this action.

**FOR A FOURTEENTH DEFENSE**

86. Each and every allegation set forth above is incorporated herein by reference.

87. The Defendant Frankie Hughes denies that this Court has personal jurisdiction over her and, therefore, pursuant to Rule 12(b)(2), *FRCP*, she is entitled to dismissal of the Complaint as to her.

**FOR A FIFTEENTH DEFENSE**

88. Each and every allegation set forth above is incorporated herein by reference.

89. The Defendant Frankie Hughes denies that this Court has subject matter jurisdiction over the claims of Plaintiffs and, therefore, pursuant to Rule 12(b)(1), *FRCP*, she is entitled to dismissal of the Complaint.

**FOR A SIXTEENTH DEFENSE**

90. Each and every allegation set forth above is incorporated herein by reference.

91. Plaintiffs' Complaint fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure and related applicable law and, therefore, should be dismissed.

**FOR A SIXTEENTH DEFENSE AND BY WAY OF COUNTERCLAIM**

1. Each and every allegation set forth above is incorporated herein by reference.

2. The Defendant Frankie Hughes is entitled to an award of all costs and attorney's fees against the Plaintiffs, jointly and severally, pursuant to 29 U.S.C. §1132(g)(1).

WHEREFORE, having answered the Complaint, the Defendant Frankie D. Hughes prays that the Complaint of the Plaintiffs be dismissed and that she be awarded all costs and attorney's fees against the Plaintiffs, jointly and severally, pursuant to her counterclaim, and for such other relief as this Court may deem just and proper.

Dated:  March 6, 2017
Greenville, South Carolina

s/ Thomas W. Traxler
Thomas W. Traxler (Fed. ID: 4136)
S. Brook Fowler (Fed. ID:  6014)
CARTER, SMITH, MERRIAM,
ROGERS & TRAXLER, P.A.
900 E. North Street (29601)
P.O. Box 10828 (29603)
Greenville, South Carolina
(864) 242-3566 / Fax:  (864) 232-1558
*tom.traxler@carterlawpa.com*
*brook.fowler@carterlawpa.com*

ATTORNEYS FOR DEFENDANT
FRANKIE D. HUGHES