**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan,<br><br>        Plaintiffs,<br><br>        v.<br><br>Dilworth Paxson, LLP; BFG Socially Responsible Investments, Ltd.; Burnham Financial Group, Inc.; Burnham Securities, Inc.; COR Fund Advisors, LLC; GMT Duncan, LLC; Greenberg Traurig, LLP; Thorsdale Fiduciary and Guaranty Company Ltd.; U.S. Bank National Association; Valor Group Ltd.; Wakpamni Lake Community Corp.; Wealth-Assurance AG; Wealth Assurance Private Client Corporation; Timothy B. Anderson; Jon Michael Burnham; Devon D. Archer; Bevan T. Cooney; Hugh Dunkerley; Jason W. Galanis; John P. Galanis; Gary T. Hirst; Frankie D. Hughes; and Michelle A. Morton,<br><br>        Defendants. | Case No. 6:16-cv-03604-HMH-JDA<br><br><br>**DEFENDANT BEVAN T. COONEY'S ANSWER TO COMPLAINT** |

Defendant Bevan T. Cooney ("Defendant" or "Mr. Cooney") hereby answers the

Complaint filed by Plaintiffs the Michelin Retirement Plan and the Investment Committee of the

Michelin Retirement Plan (collectively, "Plaintiffs" or "Michelin") as follows:

**PRELIMINARY STATEMENT**

In response to these allegations, on the advice of counsel, Mr. Cooney respectfully asserts

his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr.

Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

## PARTIES

1.      Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

2.      Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

3.      Mr. Cooney admits that in December 2015, AAM was the subject of an action by the Securities Exchange Commission for investor fraud in connection with its investment of

client funds in bonds issued by the Wakpamni Lake Community Corporation and is now in receivership.  In response to the remaining allegations, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

4.      Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

5.      Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this

response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

6.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

7.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

8.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the

right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

9.      Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

10.      Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

11.      Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth

Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

12.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

13.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

14.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is

required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

15.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

16.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

17.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

18.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

19.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to

object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

20.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

21.    Mr. Cooney admits that John Galanis is the father of Jason Galanis.  As to the remaining allegations, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

22.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the

right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

23.    Mr. Cooney denies the allegation that he resides in Incline Village, Nevada.  As to the remaining allegations, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

24.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

25.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the

right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

26.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

27.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

## JURISDICTION AND VENUE

28.     Mr. Cooney responds to realleged allegations by incorporating his responses above as though fully set forth herein.

29.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

30.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

31.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

32.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights

under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

33.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

## FACTUAL ALLEGATIONS

34.     Mr. Cooney responds to realleged allegations by incorporating his responses above as though fully set forth herein.

35.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

36.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

37.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

38.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to

object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

39.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

40.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

41.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this

response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

42.      Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

43.      Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

44.      Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the

right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

45.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

46.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

47.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

48.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

49.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

50.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

51.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

52.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to

object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

53.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

54.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

55.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this

response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

56.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

57.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

58.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

59.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

60.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

61.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

62.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

63.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to

object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

64.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

65.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

66.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this

response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

67.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

68.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

69.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the

right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

70.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

71.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

72.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth

Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

73.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

74.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

75.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is

required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

76.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

77.    To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

78.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

79.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

80.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this

response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

81.    To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

82.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

83.    To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

84.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

85.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

86.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

87.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

88.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to

object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

89.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

90.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

91.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this

response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

92.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

93.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

94.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the

right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

95.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

96.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

97.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

98.    To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

99.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

100.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

101.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

102.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly

reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

103.    To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

104.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

105.    To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis

denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

106.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

107.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

108.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

109.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

110.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to

object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

111.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

112.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

113.    To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly

reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

114.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

115.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

116.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth

Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

117.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION AGAINST FRANKIE HUGHES, MORTON, AND HIRST

118.     Mr. Cooney responds to realleged allegations by incorporating his responses above as though fully set forth herein.

119.     Paragraph 119 states conclusions of law and legal assertions to which no response is required.

120.     Paragraph 120 states conclusions of law and legal assertions to which no response is required.

121.     Paragraph 121 states conclusions of law and legal assertions to which no response is required.

122.     Paragraph 122 states conclusions of law and legal assertions to which no response is required.

123.     Paragraph 123 states conclusions of law and legal assertions to which no response is required.

124.     Paragraph 124 states conclusions of law and legal assertions to which no response is required.

125.     Paragraph 125 states conclusions of law and legal assertions to which no response is required.

126.     Paragraph 126 states conclusions of law and legal assertions to which no response is required.

127.     Paragraph 127 states conclusions of law and legal assertions to which no response is required.

128.     Paragraph 128 states conclusions of law and legal assertions to which no response is required.

129.     Paragraph 129 states conclusions of law and legal assertions to which no response is required.

**SECOND CAUSE OF ACTION AGAINST GMT, BFG, WEALTH-ASSURANCE, VALOR GROUP, BURNHAM SECURITIES, BURNHAM FINANCIAL, CORFA, THORSDALE, WAPCC, JASON GALANIS, ARCHER, COONEY, DUNKERLEY, JOHN GALANIS, TIM ANDERSON, JON BURNHAM, GREENBERG, DILWORTH, AND US BANK**

130.     Mr. Cooney responds to realleged allegations by incorporating his responses above as though fully set forth herein.

131.     Paragraph 131 states conclusions of law and legal assertions to which no response is required.

132.    Paragraph 132 states conclusions of law and legal assertions to which no response is required.

133.    Paragraph 133 states conclusions of law and legal assertions to which no response is required.

134.    Paragraph 134 states conclusions of law and legal assertions to which no response is required.

135.    Paragraph 135 states conclusions of law and legal assertions to which no response is required.

136.    Paragraph 136 states conclusions of law and legal assertions to which no response is required.

137.    Paragraph 137 states conclusions of law and legal assertions to which no response is required.

138.    Paragraph 138 states conclusions of law and legal assertions to which no response is required.

139.    Paragraph 139 states conclusions of law and legal assertions to which no response is required.

### THIRD CAUSE OF ACTION AGAINST FRANKIE HUGHES

140.    Mr. Cooney responds to realleged allegations by incorporating his responses above as though fully set forth herein.

141.    Paragraph 141 states conclusions of law and legal assertions to which no response is required.

142.    Paragraph 142 states conclusions of law and legal assertions to which no response is required.

143.     Paragraph 143 states conclusions of law and legal assertions to which no response is required.

144.     Paragraph 144 states conclusions of law and legal assertions to which no response is required.

145.     Paragraph 145 states conclusions of law and legal assertions to which no response is required.

146.     Paragraph 146 states conclusions of law and legal assertions to which no response is required.

147.     Paragraph 147 states conclusions of law and legal assertions to which no response is required.

148.     Paragraph 148 states conclusions of law and legal assertions to which no response is required.

**FOURTH CAUSE OF ACTION AGAINST MORTON AND HIRST**

149.     Mr. Cooney responds to realleged allegations by incorporating his responses above as though fully set forth herein.

150.     Paragraph 150 states conclusions of law and legal assertions to which no response is required.

151.     Paragraph 151 states conclusions of law and legal assertions to which no response is required.

152.     Paragraph 152 states conclusions of law and legal assertions to which no response is required.

153.     Paragraph 153 states conclusions of law and legal assertions to which no response is required.

**FIFTH CAUSE OF ACTION AGAINST BFG, GMT, WEALTH-ASSURANCE, WAPCC, VALOR GROUP, BURNHAM SECURITIES, BURNHAM FINANCIAL, CORFA, THORSDALE, MORTON, HIRST, DUNKERLEY, JASON GALANIS, JOHN GALANIS, ARCHER, COONEY, AND JON BURNHAM**

154.     Mr. Cooney responds to realleged allegations by incorporating his responses above as though fully set forth herein.

155.     In response to these allegations, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

156.     In response to these allegations, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

157.     In response to these allegations, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

158.    In response to these allegations, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

159.    In response to these allegations, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

160.    In response to these allegations, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

161.    Paragraph 161 states conclusions of law and legal assertions to which no response is required.

162.    Paragraph 162 states conclusions of law and legal assertions to which no response is required.

163.    Paragraph 163 states conclusions of law and legal assertions to which no response is required.

## SIXTH CAUSE OF ACTION AGAINST BFG, GMT, WEALTH-ASSURANCE, WAPCC, VALOR GROUP, BURNHAM SECURITIES, BURNHAM FINANCIAL, CORFA, THORSDALE, MORTON, HIRST, DUNKERLEY, JASON GALANIS, JOHN GALANIS, ARCHER, COONEY, AND JON BURNHAM

164.    Mr. Cooney responds to realleged allegations by incorporating his responses above as though fully set forth herein.

165.    Paragraph 165 states conclusions of law and legal assertions to which no response is required.

166.    Paragraph 166 states conclusions of law and legal assertions to which no response is required.

167.    Paragraph 167 states conclusions of law and legal assertions to which no response is required.

168.    Paragraph 168 states conclusions of law and legal assertions to which no response is required.

169.    Paragraph 169 states conclusions of law and legal assertions to which no response is required.

170.    Paragraph 170 states conclusions of law and legal assertions to which no response is required.

171.    Paragraph 171 states conclusions of law and legal assertions to which no response is required.

172.    Paragraph 172 states conclusions of law and legal assertions to which no response is required.

173.     Paragraph 173 states conclusions of law and legal assertions to which no response is required.

**SEVENTH CAUSE OF ACTION AGAINST BFG, GMT, WEALTH-ASSURANCE, WAPCC, VALOR GROUP, BURNHAM SECURITIES, BURNHAM FINANCIAL, CORFA, THORSDALE, MORTON, HIRST, DUNKERLEY, JASON GALANIS, JOHN GALANIS, ARCHER, COONEY, AND JON BURNHAM**

174.     Mr. Cooney responds to realleged allegations by incorporating his responses above as though fully set forth herein.

175.     Paragraph 175 states conclusions of law and legal assertions to which no response is required.

176.     Paragraph 176 states conclusions of law and legal assertions to which no response is required.

177.     Paragraph 177 states conclusions of law and legal assertions to which no response is required.

178.     Paragraph 178 states conclusions of law and legal assertions to which no response is required.

179.     Paragraph 179 states conclusions of law and legal assertions to which no response is required.

**EIGHTH CAUSE OF ACTION AGAINST BFG, GMT, WEALTH-ASSURANCE, WAPCC, VALOR GROUP, BURNHAM SECURITIES, BURNHAM FINANCIAL, CORFA, THORSDALE, US BANK, WLCC, MORTON, HIRST, DUNKERLEY, JASON GALANIS, JOHN GALANIS, ARCHER, COONEY, AND JON BURNHAM**

180.     Mr. Cooney responds to realleged allegations by incorporating his responses above as though fully set forth herein.

181.     In response to these allegations, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to

answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

182.    In response to these allegations, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

183.    In response to these allegations, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

184.    In response to these allegations, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

185.    Paragraph 185 states conclusions of law and legal assertions to which no response is required.

186.    Paragraph 186 states conclusions of law and legal assertions to which no response is required.

187.    Paragraph 187 states conclusions of law and legal assertions to which no response is required.

**NINTH CAUSE OF ACTION AGAINST US BANK AND WLCC**

188.    Mr. Cooney responds to realleged allegations by incorporating his responses above as though fully set forth herein.

189.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

190.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to

object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

191.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

192.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

193.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this

response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

194.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

195.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

196.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the

right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

197.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

198.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

199.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth

Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

200.    Paragraph 200 states conclusions of law and legal assertions to which no response is required.

201.    Paragraph 201 states conclusions of law and legal assertions to which no response is required.

202.    Paragraph 202 states conclusions of law and legal assertions to which no response is required.

203.    Paragraph 203 states conclusions of law and legal assertions to which no response is required.

204.    Paragraph 204 states conclusions of law and legal assertions to which no response is required.

205.    Paragraph 205 states conclusions of law and legal assertions to which no response is required.

## TENTH CAUSE OF ACTION AGAINST GREENBERG, DILWORTH, AND TIM ANDERSON

206.    Mr. Cooney responds to realleged allegations by incorporating his responses above as though fully set forth herein.

207.    Paragraph 207 states conclusions of law and legal assertions to which no response is required.

208.    Paragraph 208 states conclusions of law and legal assertions to which no response is required.

209.    Paragraph 209 states conclusions of law and legal assertions to which no response is required.

210.    Paragraph 210 states conclusions of law and legal assertions to which no response is required.

211.    Paragraph 211 states conclusions of law and legal assertions to which no response is required.

212.    Paragraph 212 states conclusions of law and legal assertions to which no response is required.

213.    Paragraph 213 states conclusions of law and legal assertions to which no response is required.

214.    Paragraph 214 states conclusions of law and legal assertions to which no response is required.

215.    Paragraph 215 states conclusions of law and legal assertions to which no response is required.

## ELEVENTH CAUSE OF ACTION AGAINST WLCC

216.    Mr. Cooney responds to realleged allegations by incorporating his responses above as though fully set forth herein.

217.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the

right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

218.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

219.    Paragraph 215 states conclusions of law and legal assertions to which no response is required.

### **PRAYER FOR RELIEF**

To the extent that an answer to Plaintiff's Prayer for Relief, (a) through (k), is required, on the advice of counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff, or admitting that any of the following are, in fact, defenses upon which Defendant has any burden of proof, as opposed to denials of matters as to which Plaintiff has the burden of proof, or that Defendant has any burden of proof at all, Defendant hereby asserts the following affirmative defenses:

### First Affirmative Defense
### (Failure to State a Claim)

220.    The Amended Complaint, and each and every purported cause of action contained therein, is barred in whole or in part on the ground that it fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Statute of Limitations and Laches)

221.    The Amended Complaint, and each and every purported cause of action contained therein, is barred in whole or in part by the statute of limitations or the doctrine of laches.

### Third Affirmative Defense
### (Lack of Scienter)

222.    The Amended Complaint, and each and every purported cause of action contained therein, is barred in whole or in part because Mr. Cooney lacked the requisite scienter with respect to the conduct alleged in the Amended Complaint.

### Fourth Affirmative Defense
### (Lack of Materiality)

223.    The Amended Complaint, and each and every purported cause of action contained therein, is barred in whole or in part because none of the conduct alleged in the Amended Complaint was material to the investment decisions of reasonable investors.

**Fifth Affirmative Defense**
**(Lack of Personal Benefit)**

224.    The Amended Complaint, and each and every purported cause of action contained therein, is barred in whole or in part because Mr. Cooney neither intended to derive nor actually derived any personal benefit from the alleged disclosure of material, nonpublic information.

**Sixth Affirmative Defense**
**(Failure to Plead Fraud with Particularity)**

225.    The Amended Complaint, and each and every purported cause of action contained therein, is barred in whole or in part because Plaintiff failed to plead the underlying facts with sufficient particularity.

**Seventh Affirmative Defense**
**(Conduct of Third Parties)**

226.    The Amended Complaint, and each and every purported cause of action therein, is barred in whole or in part because the conduct of parties other than Mr. Cooney caused the alleged harm, if any, complained of in the Amended Complaint.

**Eighth Affirmative Defense**
**(Good Faith)**

227.    The Amended Complaint, and each and every purported cause of action therein, is barred in whole or in part because Mr. Cooney at all times acted in good faith and did not directed or indirectly induce any acts constituting the alleged causes of action.

**Ninth Affirmative Defense**
**(Injunctive Relief Not Warranted)**

228.    Plaintiff's prayer for injunctive relief is barred because there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any alleged violation will be repeated.  Plaintiff's injunctive relief claim is further barred because the adverse effects of an injunction far outweigh any benefit from an injunction.

## Tenth Affirmative Defense
### (Penalties Not Warranted)

229.    Plaintiff's claim for penalties is barred because has been no violation or the Securities Act or the Exchange Act, and because any alleged violation was isolated and/or unintentional.

## Eleventh Affirmative Defense
### (Reservation of Additional Defenses and Right to Amend)

230.    Mr. Cooney hereby adopts and incorporates by reference any and all other affirmative defenses to be asserted by any other defendant in this action to the extent that he may share in such affirmative defense.  Additionally, Mr. Cooney has insufficient knowledge or information upon which to form a belief as to whether additional defenses are available.  Mr. Cooney reserve the right to raise such additional defenses upon receiving more complete information regarding the matters alleged in the Amended Complaint, through discovery or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Cooney prays for relief as follows:

1.    That Plaintiff take nothing by its Complaint;

2.    That the Complaint be dismissed with prejudice;

3.    That judgment be entered in favor of Mr. Cooney;

4.    For costs and attorneys' fees allowed by law; and

5.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Cooney hereby demands a jury trial.


DATED: March 27, 2017                    Respectfully submitted,



                                         /s/ Beattie B. Ashmore
                                         Beattie B. Ashmore, P.A. Fed. ID #5215
                                         650 E. Washington Street
                                         Greenville, South Carolina 29601
                                         Tel: (864) 672-1406
                                         Email: beattie@beattieashmore.com

                                         Matthew D. Umhofer (admitted *pro hac vice*)
                                         Diane H. Bang (admitted *pro hac vice*)
                                         SPERTUS, LANDES & UMHOFER, LLP
                                         1990 South Bundy Dr., Ste. 705
                                         Los Angeles, California 90025
                                         Tel: (310) 826-4700
                                         Fax: (310) 826-4711
                                         Email: matthew@spertuslaw.com
                                         Email: diane@spertuslaw.com

                                         *Attorneys for Bevan T. Cooney*