# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan, ) ) ) ) | |
| Plaintiffs, ) | Case No. 6:16-cv-03604-HMH |
| v. ) ) | |
| Dilworth Paxson, LLP, BFG Socially Responsible Investments, Ltd., Burnham Financial Group, Inc., Burnham Securities, Inc., COR Fund Advisors, LLC, GMT Duncan, LLC, Greenburg Traurig, LLP, Thorsdale Fiduciary and Guaranty Company Ltd., U.S. Bank National Association, Valor Group Ltd., Wakpamni Lake Community Corp., Wealth-Assurance AG, Wealth Assurance Private Client Corporation, Timothy B. Anderson, Jon Michael Burnham, Devon D. Archer, Bevan T. Cooney, Hugh Dunkerley, Jason W. Galanis, John P. Galanis, Gary T. Hirst, Frankie D. Hughes, and Michelle A. Morton, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**DEFENDANT GREENBERG TRAURIG'S OBJECTION TO THE MAY 10, 2017**
**<u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Defendant Greenberg Traurig, LLP ("Greenberg") respectfully objects to the Report and Recommendation ("R&R") issued by Magistrate Austin recommending that this Court grant the motions to stay filed by Plaintiffs (ECF No. 62) and defendant Michelle A. Morton (ECF No. 30) to the extent it will indefinitely delay the right of Greenberg to be dismissed from this litigation, where Greenberg does not properly belong. More specifically, Greenberg respectfully opposes Magistrate Austin's recommendation that this Court deny the motion to dismiss filed by Greenberg (ECF No. 67), with leave to re-file when the stay is lifted. If the Court does stay the entire case,

1

there is no reason Greenberg's motion cannot be stayed along with the rest of the case.[1]  Also, because the R&R does not indicate what will trigger lifting the stay and allowing a substantive ruling on Greenberg's motion to dismiss, Greenberg urges the Court to decline to adopt the R&R. Alternatively, Greenberg requests the Court modify the R&R to (1) require Plaintiffs to file a status report in 14 days explaining the impact the Criminal Action[2] and the SEC Action[3] will have on the instant litigation, including what must occur—and when it is likely to occur—in those actions to lift the stay; (2) deny Morton's motion for an open-ended stay; and (3) stay (rather than deny with leave to re-file) the motions to dismiss along with the rest of the case.

## **Argument**

On February 6, 2017, Plaintiffs sought a stay of this litigation for 120 days or longer because (1) defendant Jason Galanis, who pled guilty and agreed to forfeit $43 million, was scheduled to be sentenced on May 5, 2017, in the Criminal Action, and (2) a Distribution Plan in the SEC Action against AAM was set to be heard on February 24, 2017.  Although Plaintiffs have not explained their reasoning, Plaintiffs believe they are entitled to a portion of the forfeited money and that adoption of the Distribution Plan will impact this litigation.  (*See* ECF No. 62 at 1.) Morton similarly sought an open-ended stay pending resolution of the Criminal Action, but has

---

[1] For all the reasons set forth in Greenberg's Opposition to Plaintiffs' Motion to Stay (ECF No. 101), there is likewise no reason the motions to dismiss cannot be ruled upon substantively at this time, even if there is a general stay of the litigation.  The stay does not impact the validity of Greenberg's arguments in support of its motion to dismiss. (ECF No. 67.)

[2] The "Criminal Action" is the criminal case currently pending in the Southern District of New York, captioned *United States v. Galanis, et al.*, No. 16-cr-371, that arose out of the Galanis fraud at issue in the instant litigation.  Jason Galanis and Michelle Morton, are defendants in that action, along with Gary Hirst, John Galanis, Hugh Dunkerley, Devon Archer, and Bevan Cooney.

[3] The "SEC Action," captioned *SEC v. Atlantic Asset Management, LLC*, No. 15-cv-09764, is also pending in the Southern District of New York against the investment advisor Atlantic Asset Management ("AAM") and arising out of the Galanis fraud.

provided no information regarding when the Criminal Action might be resolved or why this litigation should be stayed until it is resolved. Magistrate Austin recommends this Court grant both motions and stay this case indefinitely, requiring only that Plaintiffs provide a status update in 60 days. (ECF. No. 203 at 8-9.)

### 1. Plaintiffs' Request for a Stay

In the May 10, 2017, R&R, issued after both events allegedly necessitating the stay should have occurred, Magistrate Austin found that "Plaintiffs have represented that after Jason's sentencing hearing on May 5, 2017, the monetary judgment and forfeiture in the amount of $43,277,436.00 in the criminal action could resolve or refine this matter." (ECF No. 203 at 7.) According to the docket in the Criminal Action, however, the sentencing hearing was rescheduled to August 11, 2017. (*U.S. v. Galanis*, ECF Nos. 176-77.) Of course, there is no guarantee Galanis will actually be sentenced in August, but even if he is, it is unclear what effect, if any, his sentencing will have on this case. Indeed, a money judgment and forfeiture of $43,277,436.00 has already been entered against Galanis (*see, e.g.,* ECF No. 62 at 1), so it is unclear if Plaintiffs are waiting for the sentencing hearing or waiting to see if the government is able to collect and distribute some portion of the $43 million to Plaintiffs. Either results in an open-ended stay, as evidenced by Plaintiffs' February 6, 2017, request for a 120-day stay—which would have expired on June 6, 2017—more than 30 days *before* Plaintiffs' status report would be due under the R&R.

Plaintiff's second stated purpose for a stay—the distribution hearing in the SEC Action—occurred on April 21, 2017, and on April 24, 2017, that court entered an order approving a Distribution Plan. (*SEC v. AAM*, ECF No. 199.) Given that this event has already occurred, approval of the Distribution Plan does not seem to require a stay.

Accordingly, Plaintiffs should be required to explain what effect the sentencing will have on this litigation and what they are waiting for with respect to the Distribution Plan. Additionally, Plaintiffs should be ordered to articulate what event in each of the Criminal Action and the SEC Action should trigger lifting the stay.

### 2. Morton's Request for a Stay

Morton sought to stay this litigation until the Criminal Action is resolved, ostensibly because her attention is focused on that action and she does not have counsel in this litigation. But Greenberg and other defendants have retained counsel and already expended significant resources in this litigation. Moreover, there is no reason these two cases cannot proceed simultaneously; Morton has not shown the Criminal Action will impact this litigation in any way. Rather, Morton has asserted a Fifth Amendment privilege against self-incrimination and wants the ability to file a substantive answer in this litigation after the Criminal Action is resolved. (ECF No. 30.) Whether Morton asserts the Fifth Amendment in this litigation, however, will not influence Greenberg's motion to dismiss. Although Galanis pled guilty and is scheduled to be sentenced in August, a trial in the Criminal Action is scheduled for February 5, 2018, for the remaining defendants. (*U.S. v. Galanis*, 3/3/2017 text-only Dkt. Entry.) As with Galanis' sentencing, there is no guarantee the trial will occur on that date, nor is there any indication the result of that trial will influence the outcome of the instant litigation. Morton will benefit from Plaintiffs' stay; her lack of counsel and desire to amend her answer simply does not justify an indefinite stay.

### 3. Summary Denial of Motions to Dismiss

Without ruling on them substantively, Magistrate Austin recommends denying the motions to dismiss, including Greenberg's motion to dismiss, with leave to re-file after the stay is lifted. (ECF No. 203 at 8-9.) But there is no reason to deny these motions, particularly without making

a determination on the merits. If the Court intends to rule on the motions, an actual ruling should be made rather than a summary denial. Greenberg spent considerable time and money researching and briefing its motion to dismiss; a summary denial of the motion deprives Greenberg of its right to a ruling on the merits and forces Greenberg to expend additional resources re-filing the motion at some indeterminate time in the future when the stay is lifted. In the event this Court agrees that the motions to dismiss should not be ruled upon now, staying the motions along with the rest of the case is more efficient and preserves the resources of the parties and the Court.

**4. Conclusion**

Greenberg recognizes the Court has inherent power to stay the case as the Court deems necessary and in the best interests of the Court, counsel, and litigants, particularly where the stay will promote judicial economy. *See, e.g., Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Graham-White Mfg. Co. v. Ell-Con Nat., Inc.*, 2006 WL 2716439, at *2 (D.S.C. 2006). Greenberg submits that an indefinite stay of this litigation pending resolution of two other cases does not make sense, particularly given the lack of information regarding what Plaintiffs are waiting for—*i.e.*, what impact, if any, will those other cases have on this litigation and what is an appropriate duration of the stay under the circumstances?

Accordingly, Greenberg respectfully objects to, and requests this Court to decline to adopt, the R&R. Alternatively, Greenberg requests the Court modify the R&R as follows: (1) require Plaintiffs to file a status report in 14 days explaining (a) what impact Plaintiffs contend the Criminal Action and the SEC Action will have on the instant litigation, (b) what Plaintiffs contend must occur in those actions in order for the stay to be lifted in this litigation, and (c) when those triggering events are likely to occur; (2) deny Morton's motion for an open-ended stay; and (3) stay the motions to dismiss along with the rest of the case.

Respectfully submitted,

s/ William A. Coates _____
William A. Coates, Fed. Bar No. 183
Email address: wac@roecassidy.com
ROE CASSIDY COATES & PRICE, P.A.
1052 North Church St.
Greenville, SC 29601
P.O. Box 10529
Greenville, SC 29603
(864) 349-2600

Michael McNamara, *pro hac vice*
Email address: mmcnamara@jenner.com
JENNER & BLOCK LLP
633 West 5th Street
Suite 3600
Los Angeles, CA 90071
(213) 239-5100

Anne P. Ray, *pro hac vice*
Email address: aray@jenner.com
Caroline L. Meneau, *pro hac vice*
Email address: cmeneau@jenner.com
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350

***Attorneys for Defendant Greenberg Traurig, LLP***

Greenville, South Carolina

May 23, 2017