IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan, | )<br>)<br>) |
| | ) C.A. No. 6:16-3604-HMH-JDA |
| Plaintiffs, | )<br>) |
| vs. | ) **OPINION & ORDER** |
| | ) |
| Dilworth Paxson, LLP, BFG Socially Responsible Investments, Ltd., Burnham Financial Group, Inc., Burnham Securities, Inc., COR Fund Advisors, LLC, GMT Duncan, LLC, Greenberg Traurig, LLP, Thorsdale Fiduciary and Guaranty Company Ltd., U.S. Bank National Association, Valor Group Ltd., Wakpamni Lake Community Corp., Wealth-Assurance AG, Wealth Assurance Private Client Corporation, Timothy B. Anderson, Jon Michael Burnham, Devon D. Archer, Bevan T. Cooney, Hugh Dunkerley, Jason W. Galanis, John P. Galanis, Gary T. Hirst, Frankie D. Hughes, and Michelle A. Morton, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 of the District of South Carolina.[1] Plaintiffs allege numerous causes of

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

1

action arising from misappropriation of funds from their ERISA retirement investment accounts. Pending before the court are: (1) Plaintiffs' motion to stay; (2) Michelle Morton's ("Morton") motion to stay or, in the alternative, for extension of time to answer the complaint; (3) Greenberg Traurig, LLP's ("Greenberg") motion to dismiss; (4) COR Fund Advisors, LLC's ("COR") motion to dismiss; (5) Dilworth Paxon, LLP and Timothy B. Anderson's (collectively, the "DP Defendants") motion to dismiss; and (6) the Chicago Transit Authority Retiree Health Care Trust's ("RHCT") motion to intervene. In her Report and Recommendation, Judge Austin recommends granting the motions to stay, denying Morton's motion for an extension of time as moot, and denying the remaining motions, with leave to refile. (R&R 8-9, ECF No. 203.)

## I. FACTUAL AND PROCEDURAL HISTORY

The Michelin Retirement Plan (the "Plan") is an employee welfare benefit plan governed by ERISA. (Compl. ¶ 1, ECF No. 1.) The Plan was established and is maintained by Michelin North America, Inc. (Id., ECF No. 1.) The Investment Committee of the Michelin Retirement Plan (the "Investment Committee") is a fiduciary of the plan. (Id. ¶ 2, ECF No. 1.) The Investment Committee entered into an Investment Management Agreement with Hughes Capital in 1999. (Id. ¶¶ 4, 36, ECF No. 1.) Through the agreement, Hughes Capital managed and invested Plan funds. (Id. ¶ 37, ECF No. 1.)

Between August 22, 2014, and August 26, 2014, Hughes Capital utilized $8,102,154 of the Plan's funds to purchase a Wakpamni Lake Bond (the "Bond") from the Wakpamni Lake

---

recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

Community Corporation. (Compl. ¶ 39, ECF No. 1.) Hughes Capital notified the Investment Committee of the purchase on September 2, 2014. (Id. ¶ 41, ECF No. 1.)

In a letter dated October 10, 2014, the Investment Committee terminated its Investment Management Agreement with Hughes Capital and directed Hughes Capital to transfer the Plan's portfolio, except for the Bond, to Northern Trust Investments, Inc. (Id., ECF No. 1.) The Investment Committee requested that Hughes Capital dispose of the Bond in the most efficient way possible. (Id., ECF No. 1.) The Plaintiffs allege that they were led to believe that Hughes Capital was attempting to dispose of the Bond. (Id., ECF No. 42.) However, Hughes Capital never disposed of the bond. (Id. ¶ 42, ECF No. 1.)

Plaintiffs allege that the Bond was part of the Defendants' scheme to fraudulently misappropriate funds from retirement investment groups. (Id. ¶ 45, ECF No. 1.) Additionally, Plaintiffs allege that the Defendants conspired to create fraudulent or fake bonds, control entities involved in handling the bonds, acquire ownership and control of the investment management companies to steal retirement funds, direct other investment funds to invest in the bonds, and use the revenues from the bonds to create a "slush fund" for the benefit of the Defendants. (Compl. ¶¶ 43-117, ECF No 1); (R&R 4-5, ECF No. 203.)

In addition to this case, there are numerous related actions pending in other courts. A related criminal case, United States v. Jason Galanis, et al., 16 Cr. 0371 (R.A.) (S.D.N.Y.) (Galanis), is pending in the United States District Court for the Southern District of New York.[2]

---

[2] "[A] court may properly take judicial notice of matters of public record and other information that, under Federal Rule of Evidence 201, constitute adjudicative facts." Goldfarb v. Mayor and City Council of Baltimore, 791 F.3d 500, 508 (4th Cir. 2015) (internal quotation marks omitted).

3

Defendants Morton, Jason W. Galanis, ("Jason Galanis"), John P. Galanis, Devon D. Archer, Bevan T. Cooney, Hugh Dunkerley, and Gary T. Hirst are also charged in that case. On January 19, 2017, Jason Galanis entered a guilty plea, which included a monetary judgment and forfeiture in the amount of $43,277,436.00. Galanis, (Jan. 19, 2017 Order, ECF No. 124.) Jason Galanis is currently scheduled for sentencing on August 11, 2017. Galanis, (Apr. 28, 2017 Order, ECF No. 177.) Additionally, the Securities and Exchange Commission has filed a related civil case, Securities and Exchange Commission v. Atlantic Asset Management, LLC, 15 Civ. 9764 (WHP) (S.D.N.Y.) (AAM), based on the same fraudulent scheme. The AAM court has approved a Revised Jointly Proposed Plan of Distribution (the "Distribution Plan"), with directions that the parties submit a status report on its completion by September 15, 2017. AAM (Apr. 24, 2017 Order, ECF No. 196).

On January 23, 2017, Morton filed a motion to stay and extend the time to file an answer. (Morton Mot. Stay, ECF No. 30.) Morton seeks a stay until the resolution of her criminal charges in Galanis. (Id. at 2, ECF No. 30.) Plaintiffs also filed a motion to stay on February 6, 2017. (Pls. Mot. Stay, ECF No. 62.) Plaintiffs requested a stay for either 120 days or until Jason Galanis is sentenced and the Distribution Plan is approved. (Pls. Mem. Supp. Mot. Stay 1-2, ECF No. 62-1.)

On February 7, 2017, Greenberg filed a motion to dismiss. (Greenberg Mot. Dismiss, ECF No. 67.) RHCT filed a motion to intervene on February 9, 2017. (RHCT Mot. Intervene, ECF No. 87.) On February 9, 2017, the DP Defendants filed a motion to dismiss. (DP Defs. Mot. Dismiss, ECF No. 91.) COR filed a motion to dismiss on May 4, 2017. (COR Mot. Dismiss, ECF No. 200.) On May 10, 2017, Magistrate Judge Austin issued her Report and

4

Recommendation, recommending granting the motions to stay with the requirement that the Plaintiffs provide a status update within sixty days regarding the AAM and Galanis cases and denying the remaining motions with leave to refile. (R&R 8-9, ECF No. 203.) Greenberg filed objections on May 23, 2017. (Greenberg Objs., ECF No. 209.) On May 24, 2017 the DP Defendants, RHCT, and COR filed objections. (DP Defs. Objs., ECF No. 211); (RHCT Objs., ECF No. 212); (COR Objs., ECF No. 213.) Plaintiffs replied to Greenberg's objections on June 6, 2017. (Pls. Reply Greenberg Objs., ECF No. 216.) On June 7, 2017, Plaintiffs replied to the DP Defendants' objections. (Pls. Reply DP Defs. Objs., ECF No. 217.) This matter is ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Greenberg, the DP Defendants, RHCT, and COR (collectively "Objectors") make numerous objections. The Objectors object that the magistrate judge erred in recommending:

5

(1) granting a stay before determining whether the court has subject matter jurisdiction over the Plaintiffs' claims; (2) granting an open-ended stay; and (3) summarily denying their motions without addressing the merits or allowing the motions to remain pending.  (Greenberg Objs. 2-5, ECF No. 209); (DP Defs. Objs. 4-10, ECF No. 211); (RHCT Objs. 3-6, ECF No. 212); (COR Objs. 2, ECF No. 213.)

### 1. Motion to Intervene

RHCT objects that the magistrate judge erred in recommending that the motions to stay be granted and its motion to intervene be dismissed, with leave to refile.[3]  (RHCT Objs. 3-5, ECF No. 212.)  RHCT alleges that if its motion is not considered, the statute of limitations on several of its claims may expire during the stay.  (Id. at 4-5, ECF No. 212.)  Additionally, RHCT notes that the Plaintiffs expressly support their motion to intervene and argues that the sole opposition to their motion is unrelated to the merits of the motion to intervene.  (Id. at 6, ECF No. 212); (Pls. Resp. Supp. RHCT Mot. Intervene, ECF No. 130); (DP Defs. Resp. Opp'n RHCT Mot. Intervene, ECF No. 129.)  Therefore, RHCT argues that the court should grant its motion prior to the entry of a stay, as it will otherwise be forced to file a separate and largely duplicitous case.  (RHCT Mot. Intervene 5, ECF No. 212.)

A party may be permitted to intervene on a timely motion if the party: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. 24(b)(3).  The decision to grant a

---

[3] For the reasons that follow, the court will grant the motions to stay.

6

permissive motion to intervene is within the discretion of the court. Hill v. W. Elec. Co., 672 F.2d 381, 385-86 (4th Cir. 1982).

In the instant case, there is cause to grant RHCT's motion to intervene. RHCT's claims are based upon common questions of law and fact as the Plaintiffs' and granting RHCT's motion will conserve judicial resources. Additionally, granting RHCT's motion to intervene will not unduly delay or prejudice the adjudication of the original parties' rights, as this case is in its early stages and several defendants have not yet answered the complaint. Further, the DP Defendants' objections do not persuade the court that intervention should be denied. As these objections are substantially the same as its grounds for their motion to dismiss, the DP Defendants may raise these arguments in a later motion to dismiss. Therefore, the court grants RHCT's motion to intervene.

### 2. Motions to Stay

The DP Defendants object that the magistrate judge erred in recommending a stay before determining whether the court has subject matter jurisdiction over the case. (DP Defs. Objs. 4-5, ECF No. 211.) The DP Defendants allege in their motion to dismiss that the Plaintiffs lack Article III standing to bring this case and, therefore, the court lacks subject matter jurisdiction. (DP Defs. Mem. Supp. Mot. Dismiss 10, ECF No. 91-1.) A "federal court generally may not rule on the merits of a case without first determining that it has . . . [subject-matter jurisdiction]." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007) (internal citation omitted). However, "[j]urisdiction is vital only if the court proposes to issue a judgment on the merits." Id. at 431 (quoting Intec USA, LLC v. Engle, 467 F.3d 1038, 1041 (7th Cir. 2006)). The court need not establish that it has subject matter jurisdiction

before granting a motion to stay. See, e.g., Wood v. Johnson & Johnson, Civil No. WDQ-12-1572, 2012 WL 3240934, at *2 (D. Md. Aug. 3, 2012) (unpublished) (citing In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990)). Therefore, the magistrate judge did not err in considering the motions to stay without first determining whether the court has subject matter jurisdiction.

Next, the Objectors allege that granting a stay serves no useful purpose. (Greenberg Objs. 2-3, ECF No. 209.) The Objectors note that the AAM court has already approved the Distribution Plan and that the receiver states that Atlantic Asset Management, LLC ("AAM") has only $719,585.61 in assets available for distribution to injured creditors. (DP Defs. Objs. 9, ECF No. 211.) Similarly, the Objectors argue that there is no reason to stay the case until Galanis' sentencing because he is unlikely to be able to pay restitution. (Greenberg Objs. 3, ECF No. 209); (DP Defs. Objs. 8-9, ECF No. 211.) Further, the DP Defendants argue that, even if a stay is granted, it should not be an open-ended stay. (DP Defs. Objs. 10, ECF No. 211.) The DP Defendants argue that an open-ended stay will prejudice them as they will incur continuing legal costs during the stay. (Id., ECF No. 211.)

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In considering whether to grant a motion to stay, the court should consider: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." Murphy-Pittman v. DePuy Orthopaedics, Inc., C/A No. 3:12-cv3179-JFA, 2012 WL 6588697, at *1 (D.S.C. Dec. 17, 2012) (unpublished) (internal quotation marks and citation omitted). In cases where there are parallel criminal

proceedings, "[t]he Constitution . . . does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Sec. & Exch. Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1980); see also Maryland v. Universal Elections, Inc., 729 F.3d 370, 379-80 (4th Cir. 2013).

> Generally,
>
> the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it.

Dresser Indus., 628 F.2d at 1375-76 (internal citations omitted); see also Avalonbay Cmtys., Inc. v. San Jose Water Conservation Corp., Civil Action No. 07-306, 2007 WL 2481291, at *2 (E.D. Va. Aug. 27, 2007) (unpublished).

In the instant case, a stay is appropriate. First, a stay will promote judicial economy. The Plaintiffs state that they intend to join AAM as a defendant, but cannot until the Distribution Plan in AAM is completed because the AAM court has barred claims against AAM until the completion of the receivership. (Pl. Mem. Supp. Mot. Stay 5, ECF No. 62-1;) AAM (Jan. 8, 2016 Order 7, ECF No. 26). Further, Plaintiffs allege that AAM is an important source for discovery. Similarly, denying a stay will cause significant hardship for Morton because, given the status of her criminal case, she may be unable to defend herself in this case without ceding her Fifth Amendment privilege against self-incrimination. Lastly, a stay will not cause unreasonable hardship to the remaining parties because this case is in the early stages and

9

discovery has not yet commenced. Based on the foregoing, the court grants Plaintiffs' and Morton's motions to stay.[4] The parties are to provide a status update to the court on September 30, 2017. The court will reevaluate the propriety of the continued stay at that time.

### 3. Remaining Motions

The Objectors submit that the magistrate judge erred in recommending that the remaining motions be dismissed with leave to refile. The Objectors argue that they will be prejudiced if the court does not consider their motions because they have spent considerable time and money to brief these motions and will be forced to expend further resources to refile these motions when the stay is lifted. (Greenberg Objs. 4-5, ECF No. 209); (DP Defs. Objs. 4, 8, ECF No. 211); (COR Objs. 2, ECF No. 213.) The court agrees with the magistrate judge that denying the remaining motions with leave to refile is appropriate. As the magistrate judge noted, the parties' briefings on several issues were incomplete and require supplementation. (R&R 8 n.4, ECF No. 203.) Similarly, the Plaintiffs have indicated that they may amend their complaint after the stay is lifted, which may affect the motions to dismiss. Therefore, denying the remaining motions with leave to refile will allow the parties to properly address these matters.

Based on the foregoing, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation to the extent that it is consistent with this order.

---

[4] The court agrees with the magistrate judge that Morton's motion for an extension of time to answer the complaint should be denied as moot because Morton has already answered the complaint.

Therefore, it is

**ORDERED** that RHCT's motion to intervene, docket number 87, is granted. It is further

**ORDERED** that Morton's motion to stay or, in the alternative, motion for extension of time to file answer to the complaint, docket number 30, is granted in part and denied in part as set out. It is further

**ORDERED** that Plaintiffs' motion to stay, docket number 62, is granted as set out. It is further

**ORDERED** that Greenberg's motion to dismiss, docket number 67, is denied with leave to refile. It is further

**ORDERED** that the DP Defendants' motion to dismiss, docket number 91, is denied with leave to refile. It is further

**ORDERED** that COR's motion to dismiss, docket number 200, is denied with leave to refile. It is further

**ORDERED** that the parties are to submit a status report to the court on September 30, 2017. It is further

**ORDERED** that this case is remanded to the magistrate judge for further proceedings.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 12, 2017