IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan, | ) ) ) ) | |
| | ) | C.A. No. 6:16-3604-HMH-JDA |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **OPINION & ORDER** |
| Dilworth Paxson, LLP, BFG Socially Responsible Investments, Ltd., Burnham Financial Group, Inc., Burnham Securities, Inc., COR Fund Advisors, LLC, GMT Duncan, LLC, Greenberg Traurig, LLP, Thorsdale Fiduciary and Guaranty Company Ltd., U.S. Bank National Association, Valor Group Ltd., Wakpamni Lake Community Corp., Wealth-Assurance AG, Wealth Assurance Private Client Corporation, Timothy B. Anderson, Jon Michael Burnham, Devon D. Archer, Bevan T. Cooney, Hugh Dunkerley, Jason W. Galanis, John P. Galanis, Gary T. Hirst, Frankie D. Hughes, and Michelle A. Morton, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court for evaluation of the propriety of a continued stay in this matter. Several parties filed status reports. Defendant Michelle A. Morton ("Morton"), proceeding pro se, filed a status report requesting that the stay continue in this matter in light of her pending criminal matter. Morton states that her criminal trial is scheduled for February 5, 2018, and that pretrial motions and discovery are ongoing. Morton submits that lifting this stay in this instant case will prejudice her ability to defend herself.

1

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The court should consider: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." Murphy-Pittman v. DePuy Orthopaedics, Inc., C/A No. 3:12-cv-3179-JFA, 2012 WL 6588697, at *1 (D.S.C. Dec. 17, 2012) (unpublished) (internal quotation marks and citation omitted). In cases where there are parallel criminal proceedings, "[t]he Constitution . . . does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Sec. & Exch. Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1980); see also Maryland v. Universal Elections, Inc., 729 F.3d 370, 379-80 (4th Cir. 2013).

> Generally,
>
> the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it.

Dresser Indus., 628 F.2d at 1375-76 (internal citations omitted); see also Avalonbay Cmtys., Inc. v. San Jose Water Conservation Corp., Civil Action No. 07-306, 2007 WL 2481291, at *2 (E.D. Va. Aug. 27, 2007) (unpublished).

In the instant case, a continued stay is appropriate. Morton will suffer significant hardship in light of her pending criminal case. Morton's ability to defend herself in this case

will likely be limited without waiving her Fifth Amendment privilege against self-incrimination.

Based on the foregoing, the court finds that continuing the stay is appropriate at this time.  The

parties are to provide a status report to the court every 60 days until further ordered otherwise.

     **IT IS SO ORDERED**.

                         s/Henry M. Herlong, Jr.
                         Senior United States District Judge

Greenville, South Carolina
November 21, 2017