# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan, <br><br> and <br><br> Chicago Transit Authority Retiree Health Care Trust, <br><br> Plaintiffs, <br><br> v. <br><br> Dilworth Paxson, LLP, et al., <br><br> Defendants. | Case No.: 6:16-cv-03604-DCC-JDA <br><br><br> **CHICAGO TRANSIT AUTHORITY RETIREE HEALTH CARE TRUST'S STATUS REPORT** |

Intervenor Plaintiff Chicago Transit Authority Retiree Health Care Trust ("RHCT") submits this Status Report pursuant to the Court's Order dated August 16, 2018. (ECF No. 295)

## BACKGROUND

RHCT filed its motion to intervene in this action on February 9, 2017 (ECF No. 87). Like Plaintiff the Michelin Retirement Plan ("Michelin"), RHCT is an employee pension fund that was defrauded of millions of dollars through "tribal bonds" that were issued by the Wakpamni Lake Community Corporation ("WLCC"), an entity formed by a division of the Ogala Sioux Tribe in South Dakota. Those bonds were purchased by RHCT's and Michelin's former investment adviser, Hughes Capital Management, without authority, after several individuals and their affiliated entities took over ownership of Hughes in 2014. Those actors were assisted in carrying out the bond scheme by numerous affiliates and professionals who knew or should have known that the bonds were being issued by WLCC without tribal authority, that the security and source of funds for the bonds were shells with no ability to actually secure or fund the bonds, and

that the architects of the bond scheme were known fraudsters, conspiring to use the bond proceeds for personal investments and to fund lavish lifestyles.  RHCT, Michelin, and the other bondholders learned of the fraud in late spring of 2016, when seven of the individual bond participants were indicted for securities fraud in the Southern District of New York.

Earlier this year, that criminal case resulted in guilty pleas or verdicts against all seven criminal defendants.  However, RHCT's losses are largely unsatisfied and it does not appear that restitution or asset forfeiture as a result of the criminal convictions are likely to lead to further recovery in the foreseeable future. As a result, RHCT, Michelin, and their fellow bondholders (other employee pension funds) have been left to pursue their own complex civil cases against the various participants in the bond scheme.

The funds that RHCT manages, including the over $4,073,000 that was stolen from RHCT in the tribal bond scheme, are used to provide healthcare to thousands of retired employees of the Chicago Transit Authority and their dependents. These dedicated public servants and their family members rely on RHCT to prudently manage assets and control costs—including litigation costs—as much as possible to ensure they will have continued access to healthcare. At the time RHCT intervened in February, 2017, Michelin's litigation in South Carolina was the only pending bondholder civil case. As such, this action presented RHCT with a forum in which the two bondholders (and potentially others) could efficiently work together to pursue common losses that were caused by an almost identical set of facts.  Doing so would have allowed RHCT to conserve resources by not having to litigate identical issues elsewhere.

While RHCT's motion to intervene was eventually granted on June 12, 2017, this case was simultaneously stayed indefinitely to allow the criminal trials in the Southern District in New York to play out. (ECF No. 218.)  In August, 2017, a group of similarly situated

bondholders commenced a civil action in United States District Court for the District of South Dakota against the bond indenture trustee, U.S. Bank. *Water Works Board of the City of Birmingham et al. v. U.S. Bank National Association*, Case No. 4:17-cv-04113-LLP (D.S.D. 2017). On July 17, 2018, the South Dakota District Court found that those bondholders had stated a claim for breach of contract and negligence against U.S. Bank related to the bond scheme. (*Id.*, ECF No. 32.) That action is now poised to proceed to discovery.

Notably, U.S. Bank was initially named by Michelin in this lawsuit as well, but was voluntarily dismissed by Michelin after RHCT moved to intervene. (ECF No. 186) Due to the timing of when RHCT moved to intervene, and when Michelin voluntarily dismissed U.S. Bank, U.S. Bank is still named as a defendant in RHCT's Complaint in Intervention. At this time, RHCT expects to voluntarily dismiss U.S. Bank without prejudice shortly after the stay is lifted. However, if RHCT recommences litigation against U.S. Bank in the future, it will most likely be in South Dakota, as there are no longer claims pending against U.S. Bank in this forum, and a related case against U.S. Bank in South Dakota is now much further along than this action.

In addition, a few (but not all) of the Defendants in this action, including Dilworth Paxson, LLP and Timothy Anderson, have objected to personal jurisdiction in South Carolina. RHCT contends that this Court has personal jurisdiction over all of the participants in the bond scheme by virtue of Michelin's (a foreseeable victim) presence in South Carolina and South Carolina's long arm statute. However, RHCT also believes that the arguments against personal jurisdiction raised by these few defendants would be even less applicable in South Dakota, where WLCC is located and from which the bonds were issued.

## STATUS OF RHCT'S CLAIMS

In light of the changed procedural landscape of the Wakpamni bond litigation, including the related case now pending in South Dakota, South Dakota is now a more efficient and convenient place for RHCT to pursue *all* of its civil claims in a single action. Had this case progressed in the last year since RHCT intervened, the convenience and public interest in transferring all of RHCT's claims to another venue now would be minimal. Presumably, many of the procedural and substantive issues that this complex case presents at the pleading stage would have now been addressed, or at least fully briefed, before this Court. However, due to the stay, RHCT's claims are no further along than if they were just now being filed on September 10, 2018, when the stay will be lifted. Further, no Defendant can claim serious prejudice by having RHCT's claims transferred out of South Carolina (particularly those who have objected to jurisdiction here), given that no litigation has progressed on RHCT's claims in this forum. Finally, South Dakota has at least as much of an interest in RHCT's claims as South Carolina, if not more so, given that the bond transaction also targeted a Native American tribe located within that federal judicial district.

As such, RHCT intends to file a motion to change venue for its pending claims to the United States District Court for the District of South Dakota pursuant to 28 U.S.C. § 1404, or in the alternative, 28 U.S.C. § 1631.  RHCT requests an additional week after the stay is lifted, **or until September 17, 2018**, to finalize and file its motion to change venue with this Court.

In addition, RHCT has had discussions with some of the defendants in this action to determine whether there are alternatives to litigating in any forum at this time. Those discussions may result in RHCT voluntarily dismissing some defendants prior to transfer. However, as of this status report, RHCT intends to ask for all of its pending claims in the Complaint in

Intervention (ECF No. 222) to be transferred to South Dakota, with the exception of U.S. Bank, which RHCT expects to voluntarily dismiss without prejudice next week, and Bevan Cooney, who is currently subject to a bankruptcy stay pending the Western District of Michigan.

RHCT also suggests that the time to respond to the Complaint in Intervention (ECF No. 222) be extended for all Defendants until the Court has had the opportunity to address RHCT's anticipated motion to change venue.

## **CONCLUSION**

RHCT requests until September 17, 2018 to file its motion to change venue. RHCT also suggests that the time to respond to its Complaint in Intervention be extended until the Court has had time to rule on the motion to change venue.

September 7, 2018                    Respectfully submitted,

                                                                        s/ Thomas E. Dudley, III
Thomas E. Dudley, III, Fed ID No. 05973
KENISON, DUDLEY & CRAWFORD, LLC
704 East McBee Avenue
Greenville, SC  29601
Telephone:  864.242.4899
Facsimile:  864.242.4844
dudley@conlaw.com

Aaron H. Stanton
(astanton@burkelaw.com)
*Pro Hac Vice*
Eric P. VanderPloeg (evanderploeg@burkelaw.com)
*Pro Hac Vice*
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., 21st Floor
Chicago, Illinois 60611
(312) 840-7000
Fax: (312) 840-7900

*Attorneys for Chicago Transit Authority Retiree Health Care Trust*

5