IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan,<br><br>and<br><br>Chicago Transit Authority Retiree Health Care Trust,<br><br>     Plaintiffs,<br><br>v.<br><br>Dilworth Paxson LLP, et al.,<br><br>     Defendants. | Case No.: 6:16-cv-03604-DCC-JDA<br><br><br><br>**CONFERENCE AND SCHEDULING ORDER** |

  Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District, the Court hereby establishes the following schedule for this case. This Scheduling Order is entered to administer the trial of this case in a manner consistent with the Federal Rules of Civil Procedure's goal of securing "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

1. Rule 16 Pretrial Conference: The Court wishes to conduct a conference with the attorneys of record pursuant to Fed. R. Civ. P. 16. The Court will contact the parties to schedule a date for the Rule 16 Conference at the Greenville Courthouse. Matters to be taken up at the conference will include all items identified in Rule 16(a) and (c). Additionally, counsel shall be prepared to provide the Court with an oral Rule 26(f) report.[1]

2. Amendment of Pleadings: Any motions to join other parties and to amend the pleadings by the Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan ("Michelin") shall be filed by **October 31, 2018**. Any motions to join other parties and to amend the pleadings with respect to the claims of Intervenor Plaintiff Chicago Transit Authority Retiree Health Care Trust ("RHCT") shall be filed by the latter of: (1) October 31, 2018; or (2) within fourteen (14) days after the Court issues an order that denies any part of RHCT's pending motion to change venue (ECF No. 302). If any portion of RHCT's Motion to Change Venue is granted, this order shall not apply to any of RHCT's claims that are transferred to the United States District Court for the District of South Dakota. Amendments as a matter of course shall also be allowed as

1

provided in Fed R. Civ. P. 15(a)(1)(B).

3. <u>Expert Disclosures</u>:

    A. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel has been disclosed to the other parties by **January 31, 2019**.

    B. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel has been disclosed to the other parties by **April 1, 2019**.

4. <u>Records Custodians</u>: Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **May 15, 2019**. Objections to such affidavits must be made within 14 days after the service of the disclosures. *See* Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3) (D.S.C.).

5. <u>Discovery</u>: Discovery shall be completed no later than **May 15, 2019**. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by the discovery deadline. **No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 (D.S.C.),**

6. <u>Motions</u>: All dispositive motions, *Daubert* motions, and all other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial (other than *Daubert* motions), shall be filed on or before **May 31, 2019**.

7. Mediation shall be conducted in this case on or before **June 1, 2019**. Any party may move the Court for an Order requiring mediation after conclusion of discovery. *See* Judge Coggins' Standing Mediation Order (setting forth mediation requirements).

The parties' attention is specifically directed to Local Civil Rule 5.03 (D.S.C.) regarding the filing of confidential material. The parties' attention is also directed to the Court's website regarding instructions or other orders that may be applicable to your case.

s/Jacquelyn D. Austin
_____
United States Magistrate Judge

Dated: November 2, 2018
Greenville, South Carolina

Pursuant to Local Civil Rule 83.I.06 (D.S.C.), this Order is being sent to local counsel only.

2