**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan,<br><br>and<br><br>Chicago Transit Authority Retiree Health Care Trust,<br><br>                Plaintiffs,<br><br>v.<br><br>Dilworth Paxson, LLP, et al.,<br><br>                Defendants. | Case No.: 6:16-cv-03604-DCC-JDA<br><br><br>**CHICAGO TRANSIT AUTHORITY RETIREE HEALTH CARE TRUST'S UNOPPOSED RULE 17(a)(3) MOTION TO JOIN REAL PARTY IN INTEREST** |

Plaintiff-Intervenor the Chicago Transit Authority Retiree Health Care Trust ("RHCT") moves pursuant to Rule 17(a)(3) to join, *instanter,* the "**Board of Trustees of the Chicago Transit Authority Retiree Health Care Trust**" as an additional party plaintiff to RHCT's Amended Complaint in Intervention, which is being filed contemporaneously herewith.

Rule 17 "sets forth the broad and general principle that actions should be brought in the name of the real party in interest and that courts should be lenient in permitting ratification, joinder, or substitution of that party." *First Hartford Corp. Pension Plan & Tr. v. United States*, 194 F.3d 1279, 1289 (Fed. Cir. 1999). The Rule is designed to "enable a defendant to present defenses he has against the real party in interest, to protect the defendant against a subsequent action by the party actually entitled to relief, and to ensure that the judgment will have the proper res judicata effect." *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 465 F.2d 78, 85 (4th Cir. 1973).

To that end, Rule 17(a)(3) provides for the liberal joinder and substitution of parties to ensure that real parties in interest are before the Court:

> *Joinder of the Real Party in Interest.* The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. Pro 17(a)(3).

RHCT (a pension fund established under the Illinois Pension Code) does not concede that it is not, itself, a real party in interest. However, to eliminate any concern whether all real parties in interest are before the Court, RHCT seeks to join, instanter, its Board of Trustees as a Plaintiff to its Amended Complaint in Intervention pursuant to Rule 17(a)(3).

Pursuant to Local Rule 7:02, RHCT has conferred with counsel for the following Defendants to its Amended Complaint in Intervention: Dilworth Paxson, LLP, Timothy Anderson, and Michelle Morton. Counsel for Dilworth Paxson, LLP, Anderson, and Morton have each indicated that they have no objection to this motion. Counsel for Plaintiff the Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan also have no objection to this Motion. The remaining defendants named in RHCT's Amended Complaint in Intervention have yet to appear in this case through counsel.

January 28, 2019                        Respectfully submitted,

s/ Thomas E. Dudley, III
Thomas E. Dudley, III, Fed ID No. 05973
KENISON, DUDLEY & CRAWFORD, LLC
704 East McBee Avenue
Greenville, SC  29601
Telephone:  864.242.4899
Facsimile:  864.242.4844
dudley@conlaw.com

Aaron H. Stanton
(astanton@burkelaw.com)
*Pro Hac Vice*
Eric P. VanderPloeg (evanderploeg@burkelaw.com)
*Pro Hac Vice*
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., 21st Floor
Chicago, Illinois 60611
(312) 840-7000
Fax: (312) 840-7900

*Attorneys for Chicago Transit Authority Retiree Health Care Trust*