IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| The Michelin Retirement Plan; The Investment Committee of the Michelin Retirement Plan, | Case No.: 6:16-cv-03604-DCC-JDA |
| Plaintiffs, | |
| v. | **ORDER** |
| Chicago Transit Authority Retiree Health Care Trust, | |
| Intervenor Plaintiff, | |
| v. | |
| Dilworth Paxson LLP; BFG Socially Responsible Investments, Ltd.; Burnham Financial Group, Inc.; Burnham Securities, Inc.; COR Fund Advisors, LLC; GMT Duncan, LLC; Thorsdale Fiduciary and Guaranty Company Ltd.; Valor Group Ltd.; Wakpamni Lake Community Corp.; Wealth-Assurance AG; Wealth Assurance Private Client Corporation; Timothy B. Anderson; Jon Michael Burnham; Devon D. Archer; Bevan T. Cooney; Hugh Dunkerley; Jason W. Galanis; John P. Galanis; Gary T. Hirst; Frankie D. Hughes; and Michelle A. Morton, | |
| Defendants,[1] | |
| Frankie D. Hughes, | |
| Counter Claimant, | |

---

[1] The caption represents the current parties to the litigation. Some parties have been dismissed from this action over the course of the proceedings.

|                                              | ) |
| :------------------------------------------- | :- |
| v.                                           | ) |
|                                              | ) |
| The Michelin Retirement Plan;                | ) |
| The Investment Committee of the Michelin     | ) |
| Retirement Plan,                             | ) |
|                                              | ) |
| Counter Defendants.                          | ) |
|                                              | ) |
| _____         | ) |

This matter is before the Court on a Motion to Dismiss filed by Defendants Dilworth Paxson, LLP ("Dilworth") and Timothy B. Anderson (collectively, the "DP Defendants"). ECF No. 301. Plaintiffs filed a Response in Opposition, and the DP Defendants filed a Reply. ECF Nos. 309, 315. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On January 28, 2019, the Magistrate Judge issued a Report recommending that the Motion to Dismiss be granted. ECF No. 408. Plaintiffs and the DP Defendants filed objections to the Report and Replies to the objections. ECF Nos. 423, 424, 433, 434.

## **LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit

the matter to the Magistrate Judge with instructions.  *See* U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

The Court notes that neither party has objected to the Magistrate Judge's conclusion that Plaintiffs have standing to assert claims against the DP Defendants, that Plaintiffs suffered an Article III injury in fact, and that the Investment Committee is a fiduciary that is statutorily authorized to bring claims.  The Court has reviewed this portion of the Report for clear error; finding none, the Court adopts the reasoning of the Magistrate Judge with respect to these conclusions.  The Court now turns to the parties' objections.

*Count II*

The Magistrate Judge found that Count II fails to state a claim against the DP Defendants because the relief they request is not available in an ERISA § 502(a)(3) claim. Specifically, she determined that Plaintiffs are seeking only "actual damages and consequential damages . . . costs and attorneys' fees", which are not available under § 502(a)(3).  ECF No. 408 (citing ECF No. 1 at 57).

Plaintiffs object to the Magistrate Judge's recommendation and argue that a request for monetary relief can be a request for appropriate equitable relief as recognized in *CIGNA*

3

*Corp. v. Amara*, 563 U.S. 421 (2011). Plaintiffs contend that *Amara* was decided after the case relied on by the Magistrate Judge, *Hornady Transp. LLC v. McLeod Health Servs., Inc.,* 773 F.Supp. 2d (D.S.C. 2011), and enunciated a broader scope of equitable relief available under § 502(a)(3), including disgorgement and surcharge.

The Court has thoroughly reviewed the record, applicable law, and the Report of the Magistrate Judge. Having done so, the Court agrees with the recommendation of the Magistrate Judge that Plaintiffs' requested relief is not available in a § 502(a)(3) claim. Plaintiffs are correct that *Amara* recognized a broader category of equitable relief available under § 502 (a)(3), including "restitution, disgorgement, accounting for profits, etc." *Pender v. Bank of Am. Corp.*, 736 F. App'x 359, 368 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1261 (2019). However, here, Plaintiffs have not requested restitution,[2] disgorgement, accounting for profits, surcharge, or any other kind of equitable relief available pursuant to § 502(a)(3). Moreover, there is no allegation that the DP Defendants received any of the transfers or misused any of Plaintiffs' assets such that an equitable remedy would be appropriate. Plaintiffs' objections are overruled with respect to Count II.[3]

---

[2] The Court notes that Plaintiffs allege that others have failed to make restitution; however, they have not requested restitution from the DP Defendants.

[3] Plaintiffs also argue that they have sufficiently requested equitable relief to survive a motion to dismiss. The Court disagrees. Their request for a return of the Plan's funds is inapplicable to the DP Defendants as there is no allegation that the DP Defendants are in possession of any of the Plan's funds. Further, Plaintiffs' request "for such other relief as this Court may deem just and proper" fails to request the type of equitable relief recognized by *Amara*.

*Count X*

The DP Defendants argue that if Count II is dismissed, this Court lacks personal jurisdiction over the DP Defendants with respect to a state law claim for professional negligence[4] once the ERISA claim against them has been dismissed. It appears this argument was not directly addressed by the Magistrate Judge. Upon review, the Court agrees that, because Plaintiffs can no longer rely on ERISA's nationwide service of process provision, it lacks personal jurisdiction over the DP Defendants to decide a state law claim for professional negligence.[5]

A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. Fed. R. Civ. P. 4(k)(1)(A). Thus, "for a district court to validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied. First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." *Christian Sci. Bd. of Dirs. of First Church of Christ, Sci. v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001) (citing *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 134 (4th Cir. 1996)).

South Carolina's long-arm statute provides as follows:

---

[4] The Magistrate Judge separates claim X into claims for professional negligence and aiding and abetting. The number of state law claims is irrelevant to whether this Court has personal jurisdiction over the DP Defendants.

[5] The DP Defendants also point out that it appears there is a typographical error on page 26 of the Report. The Court agrees that the sentence should read, "Even assuming Plaintiffs' allegations satisfy the knowledge requirement, they do not satisfy the requirement of 'substantial assistance or encouragement.'"

> A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's: (1) transacting any business in this State; (2) contracting to supply services or things in the State; (3) commission of a tortious act in whole or in part in this State; (4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State; (5) having an interest in, using, or possessing real property in this State; (6) contracting to insure any person, property, or risk located within this State at the time of contracting; (7) entry into a contract to be performed in whole or in part by either party in this State; or (8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

S.C. Code Ann. § 36-2-803(A). "South Carolina's long-arm statute has been interpreted to reach the outer bounds permitted by the Due Process Clause." *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997) (citations omitted). "Consequently, 'the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one.'" *Id.* (quoting *Stover*, 84 F.3d at 135–36). The central constitutional question the Court must address is whether the defendant has established "minimum contacts with [South Carolina] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Accordingly, personal jurisdiction may arise through specific jurisdiction, which is based on the conduct alleged in the lawsuit, or through general jurisdiction. *CFA Inst. v.*

*Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n.15 (4th Cir. 2009). Under general jurisdiction, a defendant's contacts or activities in the forum state do not provide the basis for the suit. *Id.* Instead, when a defendant has "continuous and systematic" contacts with the forum state, the defendant "may be sued in [the forum] state for any reason, regardless of where the relevant conduct occurred." *Id.* (citations omitted).

In contrast, under specific jurisdiction, a defendant may be sued in this Court if the litigation results from alleged injuries that arose out of or are related to their contacts with South Carolina. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). To determine whether specific jurisdiction exists, courts employ a "minimum contacts" analysis that examines: "(1) the extent to which the defendant purposefully avail[ed] itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (internal quotations omitted). This analysis focuses on the relationship between the defendant, the forum, and the litigation; therefore, the Supreme Court has emphasized "[t]wo related aspects of this necessary relationship." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). "First, the relationship must arise out of contacts that the defendant *himself* creates with the forum State." *Id.* (internal quotation omitted) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "Second, [the] minimum contacts analysis looks to the defendant's contacts with

the forum State itself, not the defendant's contacts with persons who reside there." *Id.* (internal quotation omitted) (citing *Int'l Shoe Co.*, 326 U.S. at 319).

Here, Defendant Dilworth is a Pennsylvania limited liability partnership organized under the laws of Pennsylvania with its principal place of business in Pennsylvania. Neither of the DP Defendants is alleged to maintain an office, be licensed to practice law, to own bank accounts or property, to transact any business operations, or to provide any services to individuals in South Carolina. Accordingly, the Court finds that the DP Defendants are not "essentially home" in South Carolina so as to confer general personal jurisdiction.

Moreover, regarding specific personal jurisdiction, there is no evidence that the actions of the DP Defendants, as alleged in this case, create the necessary and substantial connection between the DP Defendants and the state of South Carolina. Plaintiffs' allegations that the DP Defendants had constructive knowledge that the brunt of the harm from their conduct would be felt in south Carolina is insufficient to confer personal jurisdiction.[6] Thus, the Court finds that it lacks specific personal jurisdiction over the DP

---

[6] To the extent Plaintiffs also assert jurisdiction pursuant to S.C. Code Ann. § 36-2-803(A)(4), Plaintiffs have not alleged that the DP Defendants "regularly do[] or solicit[] business, or engage[] in any other persistent course of conduct, or derive[] substantial revenue from goods used or consumed or services rendered in this State." *See* S.C. Code Ann. § 36-2-803(A)(4). Accordingly, the conclusion of the Court regarding personal jurisdiction is unchanged.

Defendants under the South Carolina long-arm statute, S.C. Code Ann. § 36-2-803(A), and Count X should be dismissed.[7]

**Request to Amend**

Plaintiffs request that, in the event the Court agree with the recommendation of the Magistrate Judge and dismiss this action against the DP Defendant, that they be given leave to file a Second Amended Complaint. The Court denies Plaintiffs' request to amend. *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630-31 (4th Cir. 2008) (finding no abuse of discretion where plaintiffs requested leave to amend in a response but did not file a motion to amend or a proposed amended complaint). This holding does not reflect on Plaintiffs' ability to file a separate motion to amend their complaint.

## **CONCLUSION**

Accordingly, the Court adopts the Report pf the Magistrate Judge, as modified. The DP Defendants' Motion to Dismiss [301] is **GRANTED**.

IT IS SO ORDERED.

                                                    s/Donald C. Coggins, Jr.
                                                    United States District Judge

May 13, 2019
Spartanburg, South Carolina

---

[7] Because the Court agrees with the recommendation of the Magistrate Judge with respect to Count II, the Court will not address Plaintiffs' argument that supplemental jurisdiction remains over the state law claim because the ERISA claim should survive. The Court also declines to address Plaintiffs' arguments regarding the merits of Ground X.

9