IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| The Michelin Retirement Plan; The Investment Committee of the Michelin Retirement Plan, <br><br> Plaintiffs, <br><br> v. <br><br> Chicago Transit Authority Retiree Health Care Trust, <br><br> Intervenor Plaintiff, <br><br> v. <br><br> Dilworth Paxson LLP; BFG Socially Responsible Investments, Ltd.; Burnham Financial Group, Inc.; Burnham Securities, Inc.; COR Fund Advisors, LLC; GMT Duncan, LLC; Thorsdale Fiduciary and Guaranty Company Ltd.; Valor Group Ltd.; Wakpamni Lake Community Corp.; Wealth-Assurance AG; Wealth Assurance Private Client Corporation; Timothy B. Anderson; Jon Michael Burnham; Devon D. Archer; Bevan T. Cooney; Hugh Dunkerley; Jason W. Galanis; John P. Galanis; Gary T. Hirst; and Michelle A. Morton, <br><br> Defendants,[1] | Case No.: 6:16-cv-03604-DCC-JDA <br><br><br> **ORDER** |

This matter is before the Court on a Motion to Dismiss filed by Defendants Dilworth Paxson, LLP and Timothy B. Anderson (collectively, the "DP Defendants"). ECF No. 429.

---

[1] The caption represents the current parties to the litigation. Some parties have been dismissed from this action over the course of the proceedings.

Intervenor-Plaintiffs Chicago Transit Authority Retiree Health Care Trust and the Board of Trustees of the Chicago Transit Authority Retiree Health Care Trust filed a Response in Opposition, and the DP Defendants filed a Reply. ECF Nos. 441, 467. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On June 6, 2019, the Magistrate Judge issued a Report recommending that the Motion to Dismiss be granted. ECF No. 477. No party filed objections to the Report, and the time to do so has passed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the

Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation. Accordingly, the Court adopts the Report by reference in this Order. The Motion to Dismiss [427] is **GRANTED**.

    IT IS SO ORDERED.

s/Donald C. Coggins, Jr.<br>United States District Judge

July 2, 2019
Spartanburg, South Carolina